## BATES v. HUDDLESTON.

No. 19193.    Opinion Filed May 6, 1930.

Rehearing Denied Dec. 23, 1930.

Harrell & Kerr, for plaintiff in error.

J. E. Hall and Warren, Crutcher & Warren, for defendant in error.

HEFNER, J. V. E. Huddleston, the defendant in error herein, as plaintiff, filed this suit in the district court of Seminole county for the recovery of the southwest quarter of the southwest quarter of section 19, township 5 north, range 6 east. The defendant in the action was Chas. T. Bates, the plaintiff in error herein.

The case was tried upon an agreed statement of facts, and they are as follows:

"1st. That the land involved in this suit, the southwest quarter of southwest quarter of section 19, twp. 5 north, R. 6 east, Seminole county, Okla., was and is the homestead allotment of Edmond, deceased, who was enrolled as a half-blood Seminole Indian, opposite Roll No. 621.

"2nd. That Edmond died in Seminole county, Okla., where he resided, in the year 1918.

"3rd. That Edmond left no issue; no wife, and no father or mother surviving him.

"4th. That Salahokey, a full-blood Seminole Indian, was the mother of Edmond, and died before enrollment.

"5th. That Hotentunda, better known as Silas Apitunta, a full-blood Chickasaw Indian, was the father of Edmond, and died before enrollment.

"6th. That Petakee Harjo, a full-blood Seminole Indian, Roll No. 736, is the maternal aunt of Edmond, being a full sister of Salahokey, the mother of Edmond, and was living at the time of the death of Edmond.

"7th. That Abel Brown is a full-blood Chickasaw Indian, Roll No. 139, and is a nephew of Edmond on his father's side, being the only child of Louisa, deceased, a daughter of Hotentunda, or Silas Apitunta, the father of Edmond.

"8th. That there are no other person or persons who would inherit from Edmond, other than Petakee Harjo and Abel Brown.

"9th. That plaintiff claims title to said land through proper conveyances from Petakee Harjo and her grantees.

"10th. That defendant, Chas. T. Bates, claims title to said lands through proper conveyances from Abel Brown."

The plaintiff contends that Edmond, the deceased allottee, who died in the year 1918, left as his sole heir the maternal aunt, Petakee Harjo. The defendant urges that Edmond left as his only heir his paternal nephew, Abel Brown.

The trial court held that Petakee Harjo, the maternal aunt, was the only heir and inherited all of the land to the exclusion of Abel Brown, the paternal nephew.

The defendant in error contends that section 11310, C. O. S. 1921, is controlling. The section reads:

"Kindred of the half-blood inherit equally with those of the whole blood in the same degree, unless the inheritance come to the intestate by descent, devise or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestors must be excluded from such inheritance."

It is contended that the allotment was an ancestral estate. This court has recently decided against this contention in the case of Johnson v. McGirt, 142 Okla. 79, 285 Pac. 946, wherein it was said:

"In a contest between the maternal half-sister and the paternal cousin over the individual allotment of a full-blood member of an Indian Tribe, who died since statehood, and under the laws of descent and distribution of the state of Oklahoma, held, that the sister of the half-blood inherits the entire interest therein to the exclusion of the paternal cousins."

Under the rule announced in the McGirt Case, it can no longer be contended that an Indian allotment, where the Indian died since statehood, is an ancestral estate, unless the allotment was actually cast by inheritance upon the death of the allottee. Where death occurred since statehood, when considering whether the estate is ancestral or not, it is immaterial whether the decedent was or was not of Indian blood. The lands did not come to the deceased allottee by descent, devise, or gift from any of his ancestors. It therefore follows that the half-blood inherit equally with the full-blood of the same degree. Zweigel v. Lewis, 139 Okla. 171, 281 Pac. 787.

Plaintiff in error contends that the devolution of the allotment of Edmond was controlled by subdivision 6 of section 11301, C. O. S. 1921, which is as follows:

"If the decedent leave no issue, nor husband or wife, and no father or mother, nor brother nor sister, the estate must go to the next of kin, in equal degree, excepting that when there are two or more collateral kindred, in equal degree, but claiming through different ancestors, those who claimed through the nearest ancestors must be preferred to those claiming through an ancestor more remote."

Is subdivision 6, supra, applicable? Our attention is called to two decisions based upon statutes like ours. Both of these decisions awarded the estate to the nephew to the exclusion of the aunt. In the case of Van Cleve v. Van Fossen, 73 Mich. 342, 41 N. W. 258, it was said:

"The exception in this clause of the statute does not aid the appellants. That applies to a different class of cases; as, for instance, by the civil law, an uncle and a nephew each stand in the third degree of kinship to an intestate. The common ancestor of the uncle is the grandfather, and the common ancestor of the nephew is the father. The statute, through the exception in such case, gives the whole estate to the nephew, because his ancestor is the nearest ancestor of the intestate."

The other case is that of Minot v. Harris, 132 Mass. 528, wherein a similar statute was construed, and the Massachusetts court announced the same rule of construction as the Michigan court. We think this is a correct interpretation.

Our statute has the exception clause which is peculiar to the statutes of Michigan and Massachusetts, and the exception clause governs in this case. Although the aunt and the nephew are in the same degree of kin to the decedent, yet the aunt claims through the grandparents, while the nephew claims through the parent of the decedent, and therefore the nephew is the person to whom the allotment went under the exception clause contained in subdivision 6. Chas. T. Bates, the plaintiff in error, claims through the father of Edmond, the deceased allottee, while the plaintiff in error, V. E. Hudd'eston, claims through the grandmother of Edmond. Bates therefore claims through the nearest ancestor to the decedent, and in such a case subdivision 6 clearly provides that he must be preferred to the aunt, who claims through an ancestor more remote. In fact, the statute is so plain and clear that it needs no construction. The judgment of the trial court is reversed and here rendered in favor of the plaintiff in error.

MASON, C. J., LESTER, V. C. J., and CLARK, SWINDALL, and ANDREWS, JJ., concur. RILEY, J., dissents. HUNT and CULLISON, JJ., absent.