**Minnie DOBSON et al., Plaintiffs In Error,**
v.
**Georgia MECOM et al., Defendants In Error.**
**No. 36989.**

Supreme Court of Oklahoma.

April 3, 1956.

Rehearing Denied May 2, 1956.

Application for Leave to File Second Petition for Rehearing Denied May 22, 1956.

Application for Reconsideration of all Motions, Petitions for Rehearing and of Petition in Error Denied May 21, 1957.

See also 271 P.2d 329.

Hulsey & Hulsey, McAlester, for plaintiffs in error.

Windham & Windham, Poteau, for defendants in error.

PER CURIAM.

On February 21, 1940, Mary Ann Conser died intestate in LeFlore County, seized and possessed of certain estate, a part of which consisted of her allotment of land as a member of the Choctaw Tribe of Indians. Plaintiffs in error, hereinafter referred to as appellants, are the first cousins of said decedent. Defendants in error, hereinafter referred to as appellees, are the grand-nieces of said decedent.

On March 12, 1940, an adminstratrix was appointed by the county court and letters of administration issued. No effort was made to close the estate until July 3, 1951, at which time a final account and petition for distribution and discharge was filed, in which appellants were named as claiming to be heirs. Thereafter, appellees filed a response claiming to be the only heirs entitled to participate in said estate and sought distribution of the estate to them in equal shares. On March 7, 1952, the county court approved the final account and adjudged appellees to be the heirs at law of decedent and distributed the estate to them. Thereafter appellants perfected appeal to the District Court. From the Court's order affirming the judgment and decision of the county court of LeFlore County, they have brought this appeal.

There is but a single question presented, to-wit; Did the District Court err in affirming the judgment and decision of the County Court and thereby holding that appellees, who were the grand-nieces of decedent, inherited the entire estate to the exclusion of appellants, who were first cousins of decedent?

In the proceedings to determine who were decedent's heirs it was conceded that both appellants and appellees were related to the decedent in the same, or fourth degree of blood, but that the "common ancestor" of the decedent and the cousins, through whom the latter claimed, was the decedent's grandfather; while the "common ancestor" of the decedent and the grand-nieces was the decedent's father.

84 O.S.1951 § 213 (6) provides: "If the decedent leave no issue, nor husband, nor wife, and no father or mother, or brother, or sister, the estate must go to the next of kin in equal degree, excepting that when there are two or more collateral kindred, in equal degree, but claiming through different ancestors, those who claimed through the nearest ancestors must be preferred to those claiming through an ancestor more remote."

The factual situation in the instant case and the exact question here presented was before this court in Bates v. Huddleston, 146 Okl. 259, 293 P. 1047. In that case, the deceased was survived in equal degree by a maternal aunt and a nephew, who was the child of his paternal half-sister. We therein held that the nephew took the entire allotment to the exclusion of the maternal aunt, because they claimed through different ancestors and the nephew claimed through the nearest ancestor to the deceased allottee.

Although the appellants (cousins) and the appellees (grand-nieces) are in the same degree of kin to the decedent, yet the appellants claim through the grandparents, while the appellees claim through the parent of the decedent, and therefore the appellees are the ones to whom the estate went under the exception clause contained in subdivision (6), supra.

The judgment of the District Court, affirming the judgment of the County Court of LeFlore County, is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Reed and approved by Commissioners James A. Nease and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.