**Heil Estate**

*Charles P. Maxwell* and *Raymond DeRaymond,* for objectors.

*Norman Seidel, Gus Milides* and *David H. Miller,* contra.

PALMER, P. J., October 13, 1969.—The question presented is whether the Commonwealth is entitled to the distributive estate of decedent as statutory heir

under section 1.3(6) of the Intestate Act of April 24, 1947, P. L. 80, sec. 3, as amended, Act of December 10, 1959, P. L. 1747, no. 652, sec. 1, 20 PS §1.3, as against respondents, the children of great-uncles and great-aunts of decedent.

Relevantly, section 1.3 of the act, as amended in 1959, provides:

"The share of the estate, if any, to which the surviving spouse is not entitled, and the entire estate if there is no surviving spouse, shall descend in the following order: . . .

"(5) Uncles, Aunts and Their Children and Grandchildren. If no grandparent survives the decedent, then to the uncles and aunts and the children and grandchildren of deceased uncles and aunts of the decedent as provided in clause (1) of section 4.

"(6) Commonwealth. In default of all persons hereinbefore described, then to the Commonwealth of Pennsylvania."

Objection No. 1 of the Commonwealth must be sustained since we conclude respondents, children of deceased great-aunts and great-uncles of decedent, are not included in the chain of intestate succession under section 1.3(5) supra.

While we agree with respondents, they, as first cousins once removed, are in the fifth degree of consanguinity as are "grandchildren of deceased uncles and aunts," this does not, however, place them within the chain of intestate succession, for the words of the statute are clear and unambiguous and there is no reference therein either to "first cousins once removed" or to those "in the fifth degree of consanguinity." Since the 1959 amendment to section 1.3(5) is expressed in language which is clear and free from all ambiguity, there is no occasion to resort to rules of statutory construction and interpretation: Commonwealth v. Przychodski, 177 Pa. Superior Ct. 203,

209. See section 51, Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551. Specifically we cannot interpret the words "grandchildren of deceased uncles and aunts" as including "children of great uncles and great aunts." See Caton Estate, 18 Fiduc. Rep. 394.

Respondents contend this result violates the equal protection clause of the Constitution of the United States. Thus, they maintain they are first cousins once removed as are "grandchildren of deceased uncles and aunts" and, as such, are in an equal degree of consanguinity. They also argue our interpretation of the statute would work an absurdity for if decedent had survived respondents, she would have taken from them as an intestate taker under the act.

There is no doubt respondents' characterization of themselves as first cousins once removed of decedent is correct. Grandchildren of deceased uncles and aunts are first cousins once removed also. "A child of a first cousin is, strictly speaking, a first cousin once removed . . .": 54 A.L.R. 2d 1012.

We are not persuaded by these arguments. Statutory distinctions frequently are made among potential heirs of the same degree of consanguinity. Thus, "Some statutes contain a provision to the effect that where there are two or more collateral kindred in equal degree, claiming through ancestors in unequal degree, those claiming through the nearest ancestor shall be preferred to those claiming through a more remote ancestor": 23 Am. Jur. 2d 793. Similarly, "In some jurisdictions . . . statutes allow nephews and nieces to take to the exclusion of uncles and aunts": 23 Am. Jur. 2d 802. This is so, although nephews and nieces are, of course, in the third degree of consanguinity as are uncles and aunts. So also it has been held grandnieces take as next of kin instead of first cousins, although both are in the fourth degree of

consanguinity under an Oklahoma statute which makes determinative the remoteness of common ancestors when claimants are of equal degree: Dobson v. Mecom. 311 P. 2d 210 (Okla.). See also 54 A.L.R. 2d 1007.

Merely because the Intestate Act of 1947, as amended, makes some relatives of the fifth degree of consanguinity intestate heirs, it does not follow all those in the fifth degree of consanguinity are entitled to an intestate share. In the instant case, respondents' common ancestors with decedent were decedent's great-grandparents. Under the statutory wording "grandchildren of deceased uncles and aunts," the common ancestors are decedent's grandparents. The Intestate Act of 1947 has, in effect, excluded those claiming through an ancestor more remote than decedent's grandparents.

The argument that those of equal degree must be treated equally in terms of intestate succession, is further contradicted by the customary statutory provision that "issue" take ahead of other relatives. The term "issue" is commonly defined as all persons who have descended from a common ancestor. Clearly, distant issue take ahead of parents of the deceased though they are of a more remote degree of consanguinity.

With respect to the argument that to exclude respondents from the class of intestate takers would be an absurdity, since if decedent had survived them she would have qualified as an intestate taker by virtue of her being a grandchild of deceased uncles and aunts, reciprocity is not a requisite under the statute in one other important instance. Thus, section 1.3(1) of the act provides the estate shall descend first "to the issue of the decedent." "Issue" as here used means issue "indefinitely": Bregy, Intestate, Wills and Estates Acts of 1947, 154. Great-grandparents cannot

take under this act: Bregy supra. Thus, great-grand-children may take from great-grandparents, but the reverse is not true. The fallacy of respondents' argument that the distinctions in the act are unconstitutional lies in the fact that logically they must also argue the legislature cannot pass property by intestacy to issue without providing it also be allowed to pass upward in indefinite degree.

There is one further factor which leads us to the conclusion we have reached, and that is the parents of respondents were the great-aunts and great-uncles of decedent. Had they survived her, they would not have been able to take under the Intestate Act, as amended. Therefore, it appears to us to be unreasonable that their children, respondents, should be allowed to take under the very statute which would have barred the claim of a surviving parent.

We conclude, therefore, section 1.3(5) of the Intestate Act of 1947, as amended, does not include children of great-uncles and great-aunts as intestate takers. We conclude further there is no denial of equal protection embodied in the statute; for those in an equal degree of consanguinity are not, by virtue of that fact, entitled to like treatment as intestate takers. Finally, we are of the view there is no principle of reciprocity between classes of relatives under the Intestate Act. All members of the class of "grandchildren of deceased uncles and aunts" are treated equally under the statute. This class is sufficiently distinct from that of children of great-aunts and great-uncles to justify unlike treatment under the statute.

## DECREE NISI

And now, October 13, 1969, objection no. 1 of the Commonwealth to the first and final account of Joseph B. Evans and Willard Odenwelder, admin-

istrators of the Estate of Elizabeth Ott Heil, deceased, and to their statement of proposed distribution attached to their audit statement for distribution is sustained. The Commonwealth of Pennsylvania is entitled to that portion of the Estate of Elizabeth Ott Heil located in Pennsylvania as intestate heir under section 1.3(6) of the Intestate Act of 1947, as amended. . .