**A JUVENILE, Petitioner,**

v.

**Joe JENNINGS, District Judge, Tulsa County District Court, Respondent.**

**No. O-75-444.**

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1975.

Art Fleak, Jr., Asst. Public Defender, Tulsa County, for petitioner.

S. M. Fallis, Jr., Dist. Atty., Terry Malloy, Asst. Dist. Atty., Tulsa County, for respondent.

OPINION

BUSSEY, Judge:

Petitioner, a juvenile, was adjudicated to be within the purview of the Juvenile Code as a delinquent child in the District Court, Tulsa County, Case No. JFJ–71–582, and was committed to the custody of the Oklahoma Department of Institutions, Social and Rehabilitative Services. Thereafter, an Application to Assume Original Jurisdiction, and Alternative Petition for Writ

of Prohibition or Writ of Mandamus was filed with this Court praying in pertinent part that Respondent be directed to grant Petitioner a new hearing and trial de novo under 10 O.S.1971, § 1126, which provides:

". . . (a) The judge or judges who are assigned to hear juvenile cases in counties having a population in excess of one hundred thousand (100,000) may appoint a suitable person or persons to act as referee or referees, to hold office during the pleasure of the judge. Such referees shall be lawyers and shall be specially qualified for their duties. The judge may direct that any case, or all cases of a class or within a county to be designated by him, shall be heard in the *first instance* by a referee in the manner provided for the hearing of cases by the court. Upon the conclusion of the hearing in each case, the referee shall transmit to the court all papers relating to the case, together with his findings of fact and conclusions of law, and recommendations in writing.

"(b) Notice of the referee's findings and recommendations shall be given to the parent, guardian or custodian of the child or to any other person concerned whose case has been heard by the referee. *A hearing by the court shall be allowed upon the filing with the court of a request for such hearing, if the request is filed within three (3) days after the service of such notice.* In case no hearing by the court is requested, the findings and recommendations of the referee, when confirmed by an order of the court, shall become the decree of the court. . . . " [Emphasis added]

The sole assignment of error upon which we may properly assume original jurisdiction is that by virtue of the above statute the Respondent failed to perform a duty imposed upon him by law in denying Petitioner's timely motion for a trial de novo, following non-jury trial before the referee directed to hear the case in the first instance. Following the trial before the referee, a hearing was conducted before the Respondent but was limited to argument upon motions previously denied by the referee and the aforesaid motion for trial de novo, as the parties agree that a transcript of the proceedings before the referee had not been ordered nor was evidence then presented. After that hearing the Respondent confirmed the findings and recommendations of the referee and overruled Petitioner's motion for a trial de novo before the trial court.

Both parties agree that pursuant to the above statute the Petitioner must be granted a hearing before the trial judge upon timely request following hearing before a referee. The issue in controversy, however, is the nature of the hearing that must so be granted. The Petitioner argues that the term "hearing" necessarily contemplates a proceeding wherein evidence and arguments are heard for the purpose of adjudication, and any hearing other than a trial de novo would entail costs and delay, in the preparation of transcripts and legal briefs, not commensurate with the interests of the child or the State in the expedient resolution of such cases at the earliest possible stage of judicial proceedings. The brief filed in behalf of the Respondent contends that a trial de novo would undermine the purpose and intent of the Legislature in creating the position of referee in counties with a population in excess of 100,000 to assist the trial court and expedite the disposition of such cases, and the cost and delay of transcript and brief preparation is outweighed by the cost and inefficiency of relitigating the same subject matter previously heard by a referee.

Similar legislation in many other states addresses this precise issue. However, the above statute fails to affirmatively reveal the nature of the subsequent hearing contemplated therein. In the absence of any significant legislative history, we must therefore endeavor to glean a rational interpretation thereof from the underlying legislative purpose and intent in authorizing the appointment of referees in the more populous counties of this State to

hear such cases in the first instance at the discretion of the trial court. Although of little assistance here, we observe that the above statute was, with some modification, seemingly adopted from the Uniform Juvenile Court Act (U.L.A.) § 7, which requires a "rehearing" before the trial court upon timely request following a hearing before a referee, and the Commissioner's Note to that section states:

"Provisions for referees are fairly common. They serve a purpose where a case load is greater than the judge can effectively handle, but not sufficiently great to warrant the appointment of an additional judge. In such situations, the use of referees is warranted to relieve the judge of these routine and simple matters which do not call for the qualifications of a judge.

"But referees should not be resorted to as a substitute for additional judges when these are needed. . . .

"In view of [*Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, and *Application of Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527], with their emphasis on the legal and constitutional rights of the parties, it is believed important that training in the law should be required of referees in addition to the other qualifications that participation in the juvenile court function requires."

In *Trent v. Clark County Juvenile Court Services,* 88 Nev. 573, 502 P.2d 385 (1972), the Supreme Court of Nevada had under construction NRS 62.090, providing in most pertinent part:

". . . 3. The judge may direct that the facts in any juvenile court proceeding, *from the inception of the matter,* be found by such master in the same manner as in the district court. Within 10 days after the evidence before him is closed, the master shall file with the judge all papers relating to the case, written findings of fact and recommendations.

"4. Notice in. writing of the master's findings and recommendations, together with the notice of *right of appeal* as provided herein, shall be given by the master, or someone designated by him to the parent, guardian or custodian, if any, of the child, or to any other person concerned. *A hearing by the court shall be allowed upon the filing with the court by such person of a request for such hearing, provided that the request is filed within 5 days after the giving of the notice.* In case no hearing by the court is requested, the findings and recommendations of the master, when confirmed or modified by an order of the court, become a decree of the court." [Emphasis added]

The trial court rule implementing that statute provided in part:

"At any time prior to the expiration of 5 days after the service of a written copy of the findings and recommendations of a referee, a minor or his parent or guardian may apply to the juvenile court for a rehearing. Such application may be directed to all or any specified part of the findings or recommendation. The judge of the juvenile court may, after reading the transcript of such proceedings, grant or deny such application. If an application for rehearing is not granted within 20 days following the date of its receipt, it shall be deemed denied. In case no hearing by the court is requested, the findings and recommendation of the referee, when confirmed or modified by an order of the court, become a decree of the court. A judge of the juvenile court may, on his own motion, order a rehearing of any matter heard before a referee."

In rejecting the contention that the trial court must grant a minor a trial de novo upon timely application, the court there reasoned as follows:

"Trent's principal assignment of error is that there is a conflict between NRS 62.-090, subsection 4, and [the trial court rule], in that under the statute, according to Trent's interpretation, he is given, upon filing a request within 5 days after

the referee filed and served his findings of fact and recommendation, the right to a complete new hearing before the district judge. We do not so interpret the statute. Nor do we find the statute and the rule to be in conflict. *The rule actually supplements the statute in carrying out the latter's purpose and intent, i. e., to provide a more expeditious manner of hearing and disposing of juvenile court cases. If we were to hold, as Trent argues, that upon request a hearing de novo must be granted, the statute would be meaningless.* The referee (or the master, as he is called in the statute) has the duty to conduct the evidentiary juvenile court hearing and thereafter to make his appropriate findings of fact and recommendations to the district judge. If no request or application is made for 'a rehearing' within 5 days after the referee or master files and serves his report, then his findings and recommendations, when confirmed or modified by an order of the court, become the decree of the court. If a request or an application for a rehearing is made within the 5-day time limit, the district judge must review the transcript of the proceedings before the referee or master. The district judge may hear oral argument, require briefing (as was done in this case), and thereafter either approve and confirm the findings of fact and recommendations, in whole or in part, or may remand the case to the referee for a further evidentiary hearing. The district judge may, if he wishes, but he is not required to do so, conduct a new hearing in the district court." [Footnotes omitted, emphasis added]

Although the statute in *Trent* required the referee to also notify those concerned of a "right of appeal" as therein provided, the subsequent sentence mandating further hearing by the trial court upon timely request is in all material respects the same as that within our statute. Further, that particular phraseology formed no basis for the holding in the decision, which was instead premised upon effectuating the purpose and intent of the Legislature in providing a more expeditious manner of hearing and disposing of · juvenile court cases rather than rendering the statute meaningless.

We are persuaded that the interpretation urged by Petitioner is inconsistent with the underlying legislative intent and purpose in creating the position of referee in populous counties for the effective utilization of the trial court in the disposition of such cases, and would instead frustrate that goal by engrafting a duplicitous hearing upon the procedural requirements in juvenile cases. As our statute further requires that the referees must be lawyers and specially qualified for their duties, we can discern no legitimate reason why they should not be capable of receiving evidence and submitting findings of fact and conclusions of law for review by the trial court. If transcript preparation now causes unwarranted delay as contended by the Petitioner, the remedy is additional court reporters rather than requiring the trial courts of this State to rehash testimony upon which a record has previously been made. However, the effective use of partial transcripts, sound-recording devices and written stipulations of fact, may also be employed to hasten the presentation of issues to the trial court.

 We therefore hold that following a hearing before a referee pursuant to 10 O.S.1971, § 1126, upon timely application the trial court is not required to grant a juvenile a trial de novo, but may do so within its sound discretion. However, to effectuate the purposes underlying the Juvenile Code, in conducting the hearing required by that statute the trial court may receive complete or partial transcripts of the proceedings before the referee, authenticated · sound reproductions thereof, or written stipulations of fact, and should receive any new evidence not reasonably available at the time of the previous hearing.

 If a trial de novo is not required pursuant to 10 O.S.1971, § 1126, Petitioner asserts in the alternative that the trial

court has the encumbent duty to order and review a transcript of the proceedings before the referee prior to conducting the hearing required by that statute. The record herein, however, indicates that this assignment was first presented in Petitioner's brief filed with this Court, and was not presented to the trial court below or specified in the Application to Assume Original Jurisdiction or Alternative Petition for Writ of Prohibition or Writ of Mandamus. This assignment is, therefore, not properly before this Court. However, in passing we fail to discern any such requirement in that statute and no other authority in support thereof is presented. We are, therefore, of the opinion that Petitioner, as the aggrieved party, had the duty to designate that portion of the record before the referee necessary for a fair presentation of the issues he desired to be reviewed by the trial court.

For the above and foregoing reasons we are of the opinion that the Petition herein should be, and the same is hereby, denied.

BRETT, P. J., and BLISS, J., concur.