**T. L. B., a juvenile, Appellant,**

v.

**Joe JENNINGS, District Judge, Tulsa County District Court, Appellee.**

**No. J–75–545.**

Court of Criminal Appeals of Oklahoma.

April 14, 1976.

Rehearing Denied May 5, 1976.

Leslie R. Earl, Jr., Public Defender, Art Fleak, Jr., Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jahn D. Rohrer, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

In the District Court, Tulsa County, appellant, T. L. B., a juvenile, was adjudicated to be a delinquent child within the purview of the Juvenile Code.[1] He was ordered to be placed in the custody of the Oklahoma Department of Institutions, Social and Rehabilitative Services. From the adjudicative and dispositional order the appellant has perfected a timely appeal to this Court.

The appeal is predicated upon the following grounds: (1) A child charged in Juvenile Court with committing a delinquent act has a constitutional and statutory right to a preliminary examination, and the trial court erred in failing to grant, prior to trial, petitioner's application for preliminary hearing; (2) A child charged in Juvenile Court with committing a delinquent act has a right to notice and to a citation to the specific statute, either federal or state, or the municipal ordinance under which the juvenile charge is brought; and, (3) A child charged in Juvenile Court has the right to an endorsement of the witnesses to be called against him prior to trial. The pertinent events occurring in the instant case essentially began on the 15th of July, 1975, when an amended petition was filed in the District Court, Tulsa County, alleging that appellant was under the age of 18 years and had committed certain enumerated acts bringing him within the purview of the Juvenile Code. Thereafter on the 3rd of September, 1975, a non-jury trial was held before a Referee who found the juvenile to be a delinquent child and that the child should be made a ward of the court. The case was passed for disposition to the 10th of September, 1975. Subsequent to the findings and recommendations of the Referee were confirmed and became the order of the trial court on September 10, 1975. Also on the 10th day of September, 1975, a dispositional hearing was held before the Referee and it was determined that the best interest of appellant would be served by placing him in the custody of the Oklahoma Department of Institutions, Social and Rehabilitative Services. On September 11, the appellant filed a timely objection to the findings and recommendations of the Referee regarding disposition, whereafter, upon hearing on the 12th day of September, 1975, before the Juvenile Judge of the District Court, the same was overruled and the findings and recommendations of the Referee became the order of the court.

 Considering the aforementioned contentions of the appellant, we turn first to 10 O.S.1971, § 1126,[2] which provides the statutory remedy establishing the proper

---

1. See, 10 O.S.1971, § 1101 et seq.

2. Title 10 O.S.1971, § 1126, provides:
 "(a) The judge or judges who are assigned to hear juvenile cases in counties having a population in excess of one hundred thousand (100,000) may appoint a suitable person or persons to act as referee or referees, to hold office during the pleasure of the judge. Such referees shall be lawyers and shall be specially qualified for their duties. The judge may direct that any case, or all cases of a class or within a county to be designated by him, shall be heard in the first instance by a referee in the manner provided for the hearing of cases by the court. Upon the conclusion of the hearing in each case, the referee shall transmit to the court all papers relating to the case, together with his findings of fact and conclusions of law, and recommendations in writing.
 "(b) Notice of the referee's findings and recommendations shall be given to the parent, guardian or custodian of the child or to any other person concerned whose case has been heard by the referee. A hearing by the court shall be allowed upon the filing with the court of a request for such hearing, if the request is filed within three (3) days after the service of such notice. In case no hearing by the court is requested, the findings and recommendations of the referee, when confirmed by an order of the court, shall become the decree of the court."

procedure formally to object to the findings and recommendations of the Referee. Upon formal objections pursuant to the statute the Juvenile Judge of the District Court shall conduct a hearing.[3] Only by compliance with this statute does the individual objecting preserve any matter for appeal. This Court's scope of review is limited to the errors properly preserved.

In the instant case the appellant failed to make any objection regarding the adjudicatory stage of the proceedings. By failing to file any objection within the statutorily prescribed time, the appellant has waived any defects occurring during the adjudicatory phase of the proceeding. The record reflects the only objection filed by appellant was made on the 11th of September, 1975, following the findings and recommendations of the Referee regarding the dispositional hearing and that the objection was, upon hearing, overruled on the 12th of September. This objection only preserved for appeal purposes any defects, substantive or procedural, relating to the dispositional stage of the proceeding. We note the appellant does not assert that any error occurred during the dispositional stage of the proceeding, and thus we are of the opinion that the dispositional order of the trial court should be affirmed. In light of the aforementioned waiver of any defects occurring during the adjudicatory phase of the proceeding, we are of the further opinion that the adjudicatory order of the trial court should also be affirmed.

For the above and foregoing reasons, the Juvenile Division of the District Court's disposition of the appellant in the above styled and numbered cause is, accordingly, *AFFIRMED*.

BRETT, P. J., and BUSSEY, J., concur.

3. The nature of the hearing is a matter within the sound discretion of the trial court and although it is not required to grant a trial de novo, such type of hearing may be granted within the discretion of the trial court. See, *Juvenile v. Jennings*, Okl.Cr., 541 P.2d 229 (1975).