**W. L. STREET et al., Appellees,**

**v.**

**BETHANY FIREMEN'S RELIEF AND PENSION FUND BOARD, and City of Bethany, Oklahoma, Appellants,**

**and**

**Oklahoma State Firefighters' Association, Intervenor-Appellant.**

**No. 49123.**

Supreme Court of Oklahoma.

Oct. 26, 1976.

Smith, Smith & Vaughan, by Fred Vaughan, Jr., Oklahoma City, for appellees.

David A. Davis, Oklahoma City, for appellants.

Finis Smith, Tulsa, for intervenor-appellant.

BARNES, Justice:

The question presented herein is whether volunteer firemen in cities having a population in excess of 15,000 people are entitled to a minimum pension of $110.00 per month as provided in 11 O.S.1971 § 364, as amended, or whether 11 O.S.1971 § 345, providing for a minimum pension of $50.00 per month, is the only pension statute applicable to volunteer firemen.

This case comes on appeal from a decision of the Board of Trustees of the Firemen's Relief and Pension Fund of the Fire Department of the City of Bethany, Oklahoma, hereinafter referred to as "Board", denying the application of eight retired volunteer firefighters seeking an increase of their monthly pension from $50.00 to $110.00 per month.

Appellees appealed such adverse ruling to the District Court and that court reversed the decision of the Board, awarded the volunteer firefighters an increased pension of $110.00 and a lump sum of $3,000.-00 for accrued benefits for three years, holding that 11 O.S.1971 § 364 applied to volunteer firemen in cities having a population in excess of 15,000 people. The Trial Court allowed the Oklahoma State Firefighters' Association to intervene in the cause. Appellants have appealed to this Court seeking a reversal of the order of the Trial Court and a judgment affirming the decision of the Board.

11 O.S.1971 § 364 provides in part as follows:

"Any person who is now or may hereafter be appointed and enrolled as a member of a regularly constituted fire department of any city or town of the state and who serves as such member in any capacity or rank for a period of not less than twenty (20) years, the last five (5) years of which shall have been continuous in the fire department in which he was a member at the time he retires, shall be entitled, upon his written request, to retire from such service and to be thereon paid from the Firemen's Relief and Pension Fund a monthly pension of one-half (½) of the average monthly salary which was paid to him for his service in such fire department during the last thirty (30) months of his service; provided, that for each year thereafter, but not to exceed ten (10) years, he shall be entitled to receive an additional two and one-half percent (2½%) of the average monthly salary which was paid to him for his service in such fire department during the last thirty (30) months of his service, and in no event shall he be entitled to receive more than seventy-five percent (75%) of said salary; provided, further, that said pension shall cease during any period of time he may thereafter serve for compensation in any municipal fire department in Oklahoma. Provided further, that any person who is now, or who may hereafter become eligible for a pension, either pursuant to this act, or by reason of service-connected disability or service-connected death, from the Firemen's Relief and Pension Fund of any city or town having a population in excess of fifteen thousand (15,000) people, shall be paid a pension of not less than One Hundred Ten Dollars ($110.00) per month when the pension fund of said city or town is, without reduction or proration, sufficient for that purpose as determined by the Firemen's Pension Board of said city or town. Amended by Laws 1963, c. 10, § 1; Laws 1965, c. 227, § 1; Laws 1967, c. 88, § 1, emerg. eff. April 19, 1967; Laws 1970, c. 23, § 1, emerg. eff. Feb. 20, 1970."

11 O.S.1971 § 345, as amended, effective January 1, 1975, reads as follows:

"Members of regularly constituted fire departments in cities and towns of Okla-

homa, whether volunteer or part-time or full-time members, who have been retired therefrom as provided by law or who have been separated from the fire department, after twelve (12) years' service, by reason of the nepotism statutes of the State of Oklahoma, may hereinafter be entitled to a pension of not less than Fifty Dollars ($50.00) per month or a larger amount per month when the pension fund of said city or town is sufficient for that purpose, if approved by the firemen's pension board of said fire department. Further, all retired volunteer firefighters who are now or who may hereafter be retired shall be entitled to a monthly pension. Said pension shall be in the amount of eight percent (8%) of the average beginning monthly salary of regular, full-time, permanent firefighters in cities and towns of Oklahoma who have in their employ three or more such regular fully paid firefighters, a larger amount per month may be paid said retired volunteer firefighters from the supplemental funds of any city or town if approved by the firemen's pension board of the city or town; provided further, that all retired volunteer firefighters who, after the effective date of this act shall be retired, shall be entitled to have their pensions increased by one-twentieth (1/20) of the usual pension for each full year served as members of a department in excess of twenty (20) years, but not to exceed thirty (30) years of service; provided further, that all cities and towns which have in their employ three or more fully paid regular and permanent firefighters shall report on that report known as 'Departmental Filing' to the State Insurance Commissioner on January 1 of each year the beginning monthly salary paid to such regular firefighters in that city or town; and provided further, that the monthly pension shall be adjusted once each year on July 1.

"Amended by Laws 1974, c. 5, § 1, operative Jan. 1, 1975."

The Appellees contend the $110.00 minimum pension provided in Section 364, supra, applies to volunteer firefighters. The Board contends that the provisions of Section 345, supra, control for minimum pension of volunteer firefighters.

Appellants contend that the court erred in its interpretation of the aforementioned statutes.

There is no question about Section 345 applying to volunteer firefighters, because they are specifically mentioned therein. The question we must answer is: does Section 364 also apply, thus providing a minimum pension of $110.00 per month to retired voluntary firefighters in cities having a population in excess of 15,000 people? In order to determine legislative intent, we will have to examine both statutes. In 1965, Section 364 was amended to provide for the first time for the minimum $110.00 per month pension.

Section 345 was first enacted in 1957 and provided a minimum amount of $25.00 per month. This was raised to $50.00 in 1957, but lowered back to $25.00 in 1959. It was raised again to $50.00 in 1974, operative January 1, 1975, and said amendment further provided for the first time a pension schedule for all retired volunteer firefighters. Under this schedule a pensioner would receive 8% of the average beginning monthly salary of regular, full-time, permanent firefighters in cities and towns having in their employ three or more such regular fully paid firefighters. Under that schedule the average salary of said beginning firefighters would have to be $625.00 per month in order for 8% thereof to reach the $50.00 per month minimum. If, as Appellees contend, a $110.00 minimum applies to volunteer firefighters, beginning firefighters would have to be making more than $1,375.00 per month before 8% would be more than the minimum $110.00 per month. This would make the Legislature's enactment of the 8% retirement schedule for volunteer firefighters an absurdity because it would have no practical application.

It is obvious from a plain reading of Section 345 that it was intended to specifically apply to volunteer firefighters. On the other hand, application of Section 364 to volunteer firefighters would lead to an absurd result. A statute should be given a construction which renders every word and sentence operative, rather than a construction which renders some words or sentences idle and nugatory. *Case v. Pinnick*, 186 Okl. 217, 97 P.2d 58 (1939). We, therefore, hold that the Trial Court was in error in applying Section 364 to retired volunteer firefighters.

The decision of the Trial Court is hereby reversed and judgment entered affirming the decision of the Bethany Firemen's Pension and Relief Fund Board.

All Justices concur.