In the Matter of EDMUNDS, Timothy a child under 18 years of age, to-wit: 1 year.

**DEPARTMENT OF INSTITUTIONS, SOCIAL AND REHABILITATIVE SERVICES, Appellee,**

v.

**Debbie Lynn EDMUNDS, Appellant.**

**No. 49721.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 4, 1977.

Released for Publication by Order of Court of Appeals Jan. 27, 1977.

Donald Lee Ritter, Oklahoma City, for appellee.

Moss, Cerchie & Stoia by William R. Moss, Mark H. Finnerty, Legal Intern, Tulsa, for appellant.

BOX, Judge:

An appeal by Debbie Lynn Edmunds, natural mother of Timothy Edmunds, a minor, from an order terminating the parental rights of appellant to minor child.

The events leading to this appeal appear as follows:

1. A petition was filed to determine the dependency and neglect of Timothy Edmunds, a minor of the age of 11 months; said petition was properly verified as required by 10 O.S.1971, § 1103.

2. A hearing was had before a referee on August 13, 1975, who found and recommended that said minor be declared as a dependent-neglected child, said child to continue in the custody of the Oklahoma Department of Institutions, Social and Rehabilitative Services, resetting said matter for review on February 11, 1976.

3. On August 18, 1975 the recommendations, supra, were confirmed by the District Court and made an order of the Court.

4. On February 25, 1976 a motion was filed, a copy of which is hereby attached and made a part of this opinion.

IN THE DISTRICT COURT OF TULSA COUNTY, STATE OF OKLAHOMA
JUVENILE AND FAMILY RELATIONS DIVISION

IN THE MATTER OF: EDMUNDS: Timothy

A child _____ under __18__ years of age.
To-wit: ___1__ years.

No. ___JFJ–75–379___

Dependency-Neglect
Termination of Parental Rights

**MOTION**

Comes now the undersigned and shows to the Court that:

Timothy Edmunds is a child one year of age, declared and adjudged to be dependent-neglected on August 13, 1975. That Timothy Arnold Edmunds and Debbie Lynn Edmunds are the natural father and mother of said child and, after at least six months since the adjudication of said child, have failed to show that the conditions which resulted in the dependency-neglect of said child have been corrected.

That the natural father of said child has abandoned him for at least one year prior to the filing of this motion, during which time he has neither visited nor supported said child.

Said natural mother left Tulsa in July, 1975, failed to appear for the adjudicatory hearing of said child, at which time her whereabouts were unknown and thereafter failed to contact her social worker or any other local authority until

November, 1975; during the aforementioned period from July until November, 1975, said mother did not make her place of residence known to the Welfare Department and neither inquired about the well being of said child nor sent him any gifts or support; said natural mother has failed to obtain necessary professional counseling for her own emotional problems and parenting abilities; said mother has failed to maintain employment and has been cohabiting with her boyfriend for several months; after contacting a local social worker by telephone from Illinois in November and December, 1975, said mother did not contact the Welfare Department again until February, 1976.

That permanent termination of the parental custody of said child is necessary to protect his physical and mental health.

That the Court ought to terminate all parental rights of Timothy Arnold Edmunds and Debbie Lynn Edmunds to said child and further to place said child into the permanent care and custody of the Oklahoma DISRS with the right to plan for and XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX consent to the adoption of said child.
XXXXX
WHEREFORE, movant prays that a hearing be set for the purpose of further disposition of this matter, on 3/17/76, at 1:30 p. m.

Dated this ___25th___ day of ___February___, 1976.

(s) ____Donald M. Birgham____

Form 764(3–74)
sg                                                                    JD–13

---

5. At the hearing on said motion, supra, on March 17, 1976, appellant's attorney moved to dismiss the motion by reason of the failure to follow the statutes as set out by 10 O.S.1971, § 1103, which provides in part as follows:

". . . The proceeding shall be entitled 'In the matter of _____, a child under _____ years of age.'

"(b) *The petition shall be verified* and may be upon information and belief. It shall set forth (1) with particularity facts which bring the child within the purview of this act; (2) the name, age and residence of the child; (3) the names and residences of his parents; (4) the name and residence of his legal guardian, if there be one; (5) the name and residence of the person or persons having custody or control of the child; (6) the name and residence of the nearest known relative, if no parent or guardian can be found; (7) the relief requested; and (8) the specific federal law, state law or municipal ordinance under which the child is charged, and an endorsement of witnesses intended to be called by the petitioner, where the child is sought to be adjudged a delinquent child under the act. *If a termination of parental rights is desired, it must be stated in the petition and summons.* If any of the facts herein required are not known by the petitioner, the petition shall so state, along with the reasons why said facts are not known to petitioner." (Emphasis supplied)

6. After the hearing to terminate parental rights, appellant filed her request for a hearing before the District Court as provided by statute.

7. Again appellant argued the matter of the filing of a motion before the trial judge, and was overruled on same. The court adopted the findings and recommendations of the referee made on March 17, 1976, that parental rights of the natural father and mother of minor Timothy Edmunds be terminated, making same an order of the Court.

Appellant argues a number of errors; in that we reverse and remand on appellant's Proposition II, we will not discuss the other alleged errors.

"PROPOSITION II. That the overruling of respondent-appellant's Motion to

Dismiss was in error since the pleadings in this case were not in conformity with the statutory requirements of 10 O.S.A. § 1103."

Clearly appellee's first petition seeking dependent and neglected status of the minor meets the requirement of § 1103, supra. Thus, the court order pertaining to this matter is still in force and effect. However, we find no authority for the motion, supra, seeking to terminate the parental rights of appellant. Same was not filed as a petition, nor was it verified as required under the terms of § 1103. Thus that part of the court's proceeding and order was null and void.

The court's order terminating the parental rights of Debbie Lynn Edmunds is hereby reversed and ordered set aside; all other orders to remain in full force and effect.

REVERSED AND REMANDED WITH INSTRUCTIONS.

REYNOLDS, P. J., and ROMANG, J., concur.