In the Matter of ERNEST JAMES C. and Audrey Gene P., children under 18 years of age, to-wit: 7 and 1 years.

RUTH P., Appellant,

v.

The STATE of Oklahoma, DEPARTMENT OF INSTITUTIONS, SOCIAL AND REHABILITATIVE SERVICES and L. E. Rader, Director of the Department of Institutions, Social and Rehabilitative Services, Appellees.

No. 49277.

Supreme Court of Oklahoma.

April 11, 1978.

Rehearing Denied May 24, 1978.

Charles R. Hogshead, Tulsa, for appellant.

Donald Lee Ritter, Oklahoma City, for appellees.

Donald M. Bingham, Asst. Dist. Atty., Tulsa, for S. M. Fallis, Jr., Dist. Atty., amicus curiae.

BERRY, Justice.

Appellant is the mother of Ernest James C. [age 7] and Audrey Gene P. [age 1]. From an order terminating her parental rights to the children she has brought this appeal. 10 O.S.1971 § 1130.

The case was assigned to Court of Appeals, Division 1. After that court entered its opinion, and on timely application, we granted certiorari.

A lengthy recitation of facts is not required. The children were declared dependent and neglected. The children were adjudged within purview of the Juvenile Act. Audrey was placed in custody of the mother [appellant herein]; Ernest was placed in custody of the Department of Institutions, Social and Rehabilitative Services [DISRS] [appellee herein]. The order was dated July 24, 1974.

On January 21, 1975, an unverified motion to terminate parental rights was filed. On February 14, 1975, hearing was had before a juvenile referee. 10 O.S.1971 § 1126. The referee recommended termination of parental rights. On February 17, 1975, appellant filed request for hearing in district court. Apparently this was treated as a request for evidentiary hearing. After transcript of termination proceedings had been prepared, the matter was heard by the district judge. The judge denied appellant's request for hearing, and ruled on objections to the findings and recommendations of the referee. On December 22, 1975, an order was entered confirming findings and recommendations of the referee and terminating parental rights. Appellant perfected her appeal.

Court of Appeals reversed for the reason that trial court had no jurisdiction of the matter of termination because the pleading which commenced termination was:

1.  not verified;

2.  not the juvenile petition referred to in 10 O.S.Supp.1973 § 1103.

Appellee petitioned for, and we granted, certiorari.

Although we do not read appellant's brief to properly raise the issue of jurisdiction, we note that if raised at all it is raised for the first time on appeal. Since the Court of Appeals' opinion turns on the issue of jurisdiction we will consider the issue, then proceed to consider appellant's propositions on appeal.

Appellant argues trial court had no jurisdiction of appellant because the action to terminate was commenced by filing and service of an unverified motion. The proper method of procedure, says appellant, is to file a verified petition for termination of parental rights. Appellee counters with the argument that trial court's jurisdiction of appellant became fixed when the juvenile petition and summons were served upon her and no further jurisdictional issues remain to arise when, later in the same juvenile action, proceeding to terminate parental rights is commenced.

■ The matter of termination of parental rights is of the utmost seriousness; it affects one of the most fundamental of human relationships. *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551. In the case before us there was no notification to appellant that termination of parental rights could be a result of the juvenile proceedings. Although appellant was within the jurisdiction of the court as of the filing and service of the juvenile petition and summons, 10 O.S.1971 § 1131, requires notice and an opportunity to be heard on the issue of termination, and failure to do so would be a denial of due process.

The statute dealing with termination of parental rights allows termination only after a lapse of six months after adjudication of the child as within the purview of the juvenile statutes. 10 O.S.1971 § 1130. We have approved termination of parental rights by subsequent pleading after juvenile petition has been filed. *Matter of Moore*, Okl., 558 P.2d 371.

Termination of parental rights may be accomplished under the conditions set out in 10 O.S.1971 § 1130 et seq. The termination statutes do not include a provision requiring termination matters to be commenced by verified petition.

Appellant argues 10 O.S.Supp.1973 § 1103, requires verification of pleadings to terminate parental rights. We do not agree. Section 1103 deals with juvenile petitions, and requires they be verified. Section 1103 contains only one reference to termination of parental rights. The statute requires, if termination is desired at the time the petition is filed, that fact be mentioned in the petition. We do not construe this to require that terminations must be commenced by verified petition, nor does appellant show us any authority for the position.

There is nothing inherent in a verified pleading which secures a parent a fair hearing, reasonably suited to the matter of termination, and adequate opportunity to prepare for the termination hearing. Appellant has not shown any prejudice, or the denial of any fundamental right, due to the lack of verification. Certainly appellant had counsel, the opportunity to present evidence and to cross-examine the witness against her, and had the benefit of counsel's argument.

■ We hold no verification of pleadings to terminate parental rights is required, where the pleadings are filed in a juvenile action after the children have been adjudicated within the purview of the juvenile statutes, and where the need for termination becomes fixed after the juvenile petition and summons are filed and issued.

To the extent that the opinion in Matter of Edmunds, Okl.App., 560 P.2d 243, is in conflict with this opinion, Edmunds is not approved. Nothing in this opinion should be read to do away with the requirement the parent have sufficient notice to be able to prepare for the termination hearing.

Appellant's first proposition is trial court erred by failing to grant a trial de novo after hearing and recommendation by a referee as provided by 10 O.S.1971 § 1126. We cannot agree with appellant.

After the matter was heard by the referee, and the referee prepared and forwarded findings and recommendations to district court, appellant demanded a hearing before the district court. It is appellant's contention that the hearing contemplated by 10 O.S.1971 § 1126(b) is a trial de novo to a district judge.

■ If it appears to the court new evidence has arisen or other reason exists to reopen the matter and take further evidence, the court may do so. The record in this case does not indicate new evidence or other cause present to justify reopening the fact finding process.

■ Where possible, we will construe a statute to make each one of its provisions operative, rather than to render some provisions nugatory. Street v. Bethany Firemen's Rel. & Pens. Fund, Okl., 555 P.2d 1295.

Adoption of appellant's view would render 10 O.S.1971 § 1126(a) meaningless. If trial de novo is required by 10 O.S.1971 § 1126(b), there would be no value in using the services of a referee. The net effect would be to grant two trials on each issue in a juvenile action. Upon the referee's finding adverse to any party, the aggrieved party could then repeat the entire trial before a district judge.

■ We will not say the hearing contemplated in 10 O.S.1971 § 1126(b) is a trial de novo. Rather, the purpose of the hearing is to object to all or parts of the referee's findings and conclusions, and to determine those objections.

■ In the exercise of sound judicial discretion, where objections are made to the referee's report, the district court may reopen the matter for further evidence. Where the only questions before the district judge are matters of law, no evidentiary hearing is required. We will not say the court erred in refusing appellant a trial de novo upon hearing objections to the findings and recommendation of the referee.

See also *Juvenile v. Jennings*, Okl.Cr., 541 P.2d 229, and the reasoning therein.

Appellant's second proposition is trial court erred in admitting testimony as to the adoptability of the respondent children during the hearing on termination of parental rights.

During the direct examination of social worker, by the assistant district attorney, the following exchange took place:

"MR. MALLOY: Mrs. Clabo, in connection with particular response, I take it that you know of no impediment that would interfere with these children being placed for adoption?

"MRS. CLABO: No.

"MR. MATTHEWS: I object to that, your Honor. This proceeding is not to determine whether the children are going to be adopted, it is to determine if my client's rights will be terminated.

"MR. MALLOY: Your Honor, the question goes to show whether or not it is in the best interest of the children, one factor is to show to the Court.

"MR. MATTHEWS: Your Honor, the only thing that's before the Court is whether this family unit is put back together or not. If the family cannot be put back together, the next question is if the children can be adopted.

"THE COURT: As I see it, the question is if the parental rights should be terminated and in my opinion one of the things for the Court to consider, other than the conditions in the home, is what is in the best interest of the children and I will allow the answer for that purpose."

The matters to be considered on the question of termination [under 10 O.S.1971 § 1130] are:

1. That one or more of the statutory grounds exist;

2. That, as to those grounds where applicable, the parent has failed to correct the condition within six months; and

3. ". . . a permanent termination of parental custody of the child, or children, is necessary to protect its physical or mental health or morals . . ."

■ We do not agree the asserted error prejudiced appellant or that reversal is required because of the asserted error.

■ We have carefully read the record in this matter. If we deleted the reference to adoption, and considered only the remainder of testimony, the decision to terminate would still be amply justified. Where the judgment of the trial court appears correct upon consideration of the record as a whole, trial court will be affirmed. *Hall v. Deal*, 205 Okl. 46, 234 P.2d 384. See *Karriman v. Orthopedic Clinic*, Okl., 516 P.2d 534. We cannot say that had the testimony not been admitted the trial court's decision would have been different.

■ Appellant's third assertion of error is trial court's decision was not supported by the weight of the evidence and is contrary to the law. Having carefully examined and weighed the evidence we hold the record contains sufficient evidence upon which to base the decision to terminate and the decision of the trial court is not against the clear weight of the evidence. *In re Boyer*, Okl., 490 P.2d 1076.

Court of Appeals' opinion vacated, trial court affirmed.

LAVENDER, V. C. J., and DAVISON, IRWIN and BARNES, JJ., concur.

HODGES, C. J., and WILLIAMS, SIMMS and DOOLIN, JJ., dissent.

DOOLIN, Justice, dissenting:

I dissent to the majority opinion and in passing call your attention to the dissents in *J. V. v. State of Oklahoma, DISRS In the Matter of L.M.H.*, 572 P.2d 1283 (Okl.1977) and *In the Matter of: Keyes, Derrick* 48 OBJ 2801, 574 P.2d 1026 (Okl.1977). As recognized by Justice Simms in these dissents, the Supreme Court of the United States holds the relationship of parents to their children to be a fundamental constitutionally protected right.[1] While the majori-

---

1. *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625,

ty acknowledges this basic tenet of American jurisprudence, its otiose application to Oklahoma's termination procedures has gradually eroded any procedural due process guarantees that must be inherent in a proceeding to terminate this constitutional right. Either the majority is in error or our statutory termination procedure is blatantly unconstitutional.

If DISRS feels facts known at the time it files a petition to declare a child dependent or neglected are such as to warrant termination, it should be required to state this in its petition, or otherwise be held to have waived such request *at that time*. By this I do not mean that a termination is forever barred or that a child should be returned to the custody of its parents against his best interests. If facts or circumstances that justify termination are discovered subsequent to the original petition, a new *petition* and *summons* should be issued. Such procedure would guarantee parents the statutory time in which to correct the malignant conditions.

An adjudication of dependency or neglect is of much less ominous nature than that of termination. Yet if, as the majority proclaims, the statutory protections regarding an adjudication of dependency or neglect do not apply to termination proceedings, what constitutional procedural safeguards are granted to these parents? Other than the basic due process requirement of notice, there are none delineated in the statutes. We do not believe the Legislature would be so derelict.

I cannot concur in a policy that puts a stamp of approval on a practice of pleading for a declaration of dependency or neglect which, without further verified allegations or evidence, summarily and without a full hearing, terminates a fundamental right of a citizen to that special relationship with his children. Where does the right to seek termination through a motion such as used in this case arise? Section 1103 states, "If a

termination of parental rights is desired, it must be stated in *petition* and *summons*." (Emphasis supplied). There is no provision that a subsequent motion may be used to allow the court to terminate at the dispositional hearing.

A declaration of dependency or neglect invokes the jurisdiction of the district court for the purpose of determining *custody* of the children at the dispositional hearing. Termination should not be considered a custodial dispositional aspect of a declaration of dependency or neglect. This right is not at issue in the dispositional phase of the hearing *unless the petition has made it an issue* and the parents are on notice of the consequences of such a petition.

The adjudicatory hearing makes a determination as to the *parents*; whether they have acted in such a way as to deny their children the proper care. The *dispositional* hearing should make no further judgment as to the *parents'* rights. It primarily concerns the disposition of the *children*. To adjudicate parents' rights with dispositional procedures dangerously broadens the concept of a dispositional hearing.

I am authorized to state that WILLIAMS, J., and SIMMS, J., concur in the views herein expressed.

67 L.Ed. 1042 (1923); *Prince v. Massachusetts*, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *Cleveland Board of Education v. LaFleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *Quilloin v. Walcott*, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978).