**Leon BRICE, Appellant,**

v.

**Muriel E. SEEBECK, Administratrix of the Estate of Ruth D. Pinkston, Deceased, Appellee.**

No. 51828.

Supreme Court of Oklahoma.

May 22, 1979.

Bay, Hamilton, Lees, Spears & Verity, Oklahoma City, for appellant.

Darrell Winings, Paul Pugh and Al Pugh, Oklahoma City, for appellees.

WILLIAMS, Justice.

The question for our present determination is whether appellant nephew inherited a one-third interest in the estate of his deceased intestate aunt by right of representation of his mother who predeceased her intestate sister on the one hand or a one-fourteenth interest along with each of 13 other nephews and nieces of decedent per capita on the other. We affirm the judgment of the trial court which held the appellant's right of inheritance was of a per capita nature along with that of his cousins.

The parties to this appeal are the nephews and nieces of Ruth D. Pinkston, deceased. As her only heirs at law they are in disagreement as to what their respective shares of the estate should be under Title 84 O.S.1971 section 213.

The facts have been stipulated. The decedent died leaving no surviving issue, husband, parent, brother, or sister. Of her five brothers and sisters, all of whom predeceased her, three had children who survived decedent: Harry had seven including administratrix, Dallas had six and Ethel had one, the appellant.

Administratrix requested the trial court to allow her to distribute the estate to the surviving nephews and nieces on a per capita basis suggesting each should receive a one-fourteenth (1/14) share. As indicated, the court below ruled favorably on that request.

Appellant Brice, being the sole child of decedent's sister Ethel, contends that 84 O.S.1971, § 213 Third entitles him to a one-third (1/3) share of the estate by right of representation. Such subdivision Third of § 213 provides, in part, as follows:

> If there be no issue, nor husband nor wife, nor father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation; * * *.

Appellees contend that that subdivision is not applicable in this situation because no brother or sister survived decedent. To the contrary, they assert that distribution here should be made pursuant to subdivision

Sixth of such § 213 and that that would require distribution to all nephews and nieces of decedent, as next of kin in equal degree, equally on a per capita basis. Such subdivision Sixth in pertinent part provides as follows:

> If decedent leave no issue, nor husband, nor wife, and no father or mother, or brother, or sister, the estate must go to the next of kin in equal degree, * * *

As early herein stated then, where the only heirs of decedent were her nephews and nieces, all of whom were children of predeceased brothers and sisters of decedent intestate, the issue before this Court is whether the decedent's estate passes by intestate succession on a per capita basis as opposed to a per stirpes or by right of representation basis.

■ Section 213 provides an arrangement whereby the property of a decedent who dies intestate will be distributed to decedent's heirs. The statute being comprehensive in nature, we should construe its subdivisions consistently with each other where reasonably possible.[1] Both subdivisions Third and Sixth, supra, make reference to the decedent's brothers and sisters.

■ Subdivision Third reflects a legislative effort to treat the shares of predeceased brothers and sisters of decedent who are survived by children, equally with those of brothers and sisters who have survived the decedent by permitting the children of such pre-deceased brothers and sisters of decedent to stand in the pre-deceased broth-

1. Several generally recognized principles of statutory construction of present likely application are here noted.

"What is meant by the term 'according to the right of representation'? It means that the property goes to such persons or class of persons specifically designated in the statute of descent and distribution. Succession to estates is purely a matter of statutory regulation which cannot be changed by courts." *In Re Felgar's Estate*, Okl., 272 P.2d 453, 456.

Where possible, a statute should be so construed as to render each one of its provisions, every word, phrase and clause, operative rather than to render some nugatory. *Street v. Bethany Fireman's Rel.· & Pens. Fd.*, Okl., 555 P.2d

1295, 1298, *Matter of Ernest James C.*, Okl., 578 P.2d 352, 355, *I. S. D. No. 1, Tulsa Co. v. Albus*, 572 P.2d 554, 560.

A special statute making a specific requirement controls over a general statute. *Beidleman v. Belford*, Okl., 525 P.2d 649, 650. Statutes must be construed, if possible, so the whole may stand. *AMF Tubescope v. Hatchel*, Okl., 547 P.2d 374, 379. Where coverage of statutes relating to determination of legal heirs of Indians were not identical, they need not be read in para materia and court would not imply language of finality of decision of one statute into the other. *Tooahnippah v. Hickel*, 397 U.S. 598, 90 S.Ct. 1316, 25 L.Ed.2d 600.

ers' and sisters' position by right of representation. We conclude that subdivision Third, supra, applies only where decedent leaves a surviving brother or sister.

█ On the other hand, by its plain terms, where decedent leaves no issue, spouse, parent, brother or sister, subdivision Sixth, supra, would require distribution of the estate to a decedent's described "next of kin" inheriting through ancestors equally kin to decedent, equally per capita. See *In re Felgar's Estate*, Okl., 272 P.2d 453 (1954) and *Dobson v. Mecom*, Okl., 311 P.2d 210 (1956).[2]

█ In *Lowrey v. LeFlore*, 48 Okl. 235, 149 P. 1112 (1915), discussed by the parties, there was a dispute between a nephew and a grandniece of intestate. This Court affirmed the lower court's holding that the nephew took the estate to the exclusion of the grandniece. The Court therein based its decision on subdivision Third rather than subdivision Sixth holding that the nephew qualified as a "child" of decedent's brother whereas the grandniece did not qualify as a "child", being a grandchild of the intestate's brother. The same result could have been reached and possibly more appropriately under subdivision Sixth, since as the parties were kindred of unequal degree the nephew would have been preferred.[3] However, there the issue that intestate's only brother must have survived the intestate decedent for subdivision Third to apply was not raised.

We hold that the trial court did not err in the approval of a per capita distribution of decedent's estate to her nephews and nieces as herein set forth.

AFFIRMED.

LAVENDER, C. J., and HODGES, BARNES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

2. "If intestate left no surviving brothers and sisters but only nephews and nieces of different predeceased parents, in most jurisdictions the nephews and nieces take per capita or equally among themselves and not according to the shares that their parents would have taken had they survived the intestate." Thomas W. Atkinson, Handbook on the Law of Wills 67 (2d ed. 1953).

3. Subdivision Sixth provides in part not above quoted that in event of presentation of claims to an estate by collateral kindred, in equal degree, but claiming through different ances-tors, those claiming through the nearest ancestors must be preferred over the others. *Dobson v. Mecom*, Okl., 311 P.2d 210 (grandnieces preferred over first cousins) and *In re Felgar's Estate*, Okl., 272 P.2d 453 (first cousins preferred over second cousins).

The first paragraph of the syllabus in *Felgar's Estate* and the first clause of syllabus in *Dobson*, supra, while in the nature of obiter dictum express the law to be precisely as stated in subdivision Sixth of the statute and as herein decided.