In the Matter of Anthony Eugene MOORE
et al.

Doris Jean MOORE, Appellant,

v.

DEPARTMENT OF INSTITUTIONS, SO-
CIAL AND REHABILITATIVE
SERVICES, Appellee.

No. 48570.

Supreme Court of Oklahoma.

Dec. 28, 1976.

James H. Hiatt, Oklahoma City, for appellant.

Donald Lee Ritter, Oklahoma City, for appellee.

BARNES, Justice.

This appeal is brought by Doris Jean Moore, Appellant, the mother of Anthony Eugene Moore, Angelia Moore, and Terry Moore, from an adverse final order rendered against her by the Trial Court terminating her parental rights to the aforementioned children on May 19, 1975.

The pertinent facts leading to this appeal are as follows. The three children, all born out of wedlock to Appellant, who was 22 years old at the time of the May, 1975, hearing, were placed in emergency custody of Appellee, Department of Institutions, Social and Rehabilitative Services, by the Oklahoma County District Court on or about May 7, 1974. The same date Appellant appeared with counsel at a hearing and agreed custody should remain in Appellee pending filing of a petition and hearing on the merits.

Petition was filed May 8, 1974, alleging the children were neglected by reason of improper parental care and that the home was unfit by reason of the mother's neglect. At a hearing held June 24, 1974, the children were made wards of the Court as adjudicated dependent-neglected children. Temporary custody was restored to Appellant mother subject to intensive supervision of custody by Appellee on the express condition that Appellant was not to utilize the maternal grandmother as a baby-sitter for the children. Thereafter, the Appellant gave birth to a fourth child born out of wedlock, Rochell, whose custody is not at issue in this appeal.

On October 18, 1974, Appellee, pursuant to court order, submitted a report to the Court as to the current care of the children by Appellant. That report alleged the children were in ill health, living in a state of filth, and were in the primary physical care of their alcoholic maternal grandmother, which allegations were denied by Appellant and made part of the report.

On October 28, 1974, the Oklahoma County Juvenile Bureau filed an instrument entitled "Supplemental Petition 'A'", re-adopting the language of the original petition and naming Rochell in the proceedings. October 30, 1974, upon issuance of a proper order, all four children were again placed in protective custody. Upon

examination, the children were found to display evidence of severe neglect.

On October 31, 1974, an Amended Supplemental Petition A was filed by Appellee praying for termination of parental rights. January 24, 1975, Appellant appeared in Court with counsel and the allegations of the petition were sustained by the evidence. However, the Trial Court continued the matter of disposition until March 24, 1975, and requested Appellee to conduct another home study of Appellant. Dispositional hearing was held May 19, 1975, at which time Appellant appeared in Court with counsel and the Court terminated her parental rights as to Anthony Eugene Moore, Angelia Moore, and Terry Dean Moore, after a full evidentiary hearing. From that decision Appellant brings this appeal.

That portion of the Trial Court's order which permits Appellee to plan for, place for adoption or consent to the adoption of the three children was stayed by this Court pending appeal. The Trial Court ordered the fourth child, Rochell Moore, to remain a ward of the Court as a dependent and neglected child, and her custody is not at issue herein.

Appellant urges as error on appeal that (1) the Trial Court's order is contrary to law and not supported by the evidence; (2) is contrary to the best interests of the children; (3) was based upon errors of law in rulings made by the Trial Court, and (4) was based in substantial part upon written home evaluations and reports to the Court made by Social Workers, denying Appellant her right to confront and cross-examine witnesses against her.

■ Under the first proposition Appellant argues the Trial Court improperly placed the burden of proof on the mother to demonstrate that a change of condition had occurred so that her parental rights should not be terminated.

Title 10 O.S.1971, § 1130, governs termination of parental rights and sets out various grounds wherein termination will be proper. It includes the following phrase:

"* * * and the *parent has failed to show* that the *conditions have been corrected within a period of six (6) months after the* child, or *children, were adjudged dependent or neglected* and a permanent termination of parental custody of the child, or children, is necessary to protect its physical or mental health or morals; provided further, that the court may extend the time in which such parent may show the condition has been corrected, . . ." (Emphasis ours)

Appellant argues this statute erroneously placed the burden on the parent, rather than the State.

The hearing provided by § 1130, supra, is merely a continuation of the hearing in which it has already been determined that Appellant has neglected her children, but it affords her the opportunity to show that she has corrected the conditions previously adjudicated. We therefore hold that this is not a violation of her constitutional rights.

In the instant case the petition for termination of parental rights was sustained January 24, 1975, but the Court granted additional time for the Appellant to show a change of condition. On May 19, 1975, the Trial Court found the Appellant was unable to carry the burden of evidence or persuasion which had shifted to her after the petition was sustained. The May 19, 1975, hearing was a continuation of the earlier hearing of January 24, 1975, for dispositional purposes.

■ We agree with Appellee that when the hearing reconvened on May 19, 1975, the State was not required to show cause again. The Appellee was only required, as the moving party with the ongoing burden of proof, to overcome Appellant's burden of evidence or persuasion on the issue of a change of condition.

■ Appellant next argues the Trial Court's decision was not supported by the

evidence in that it was based only on evidence of prior neglect and not upon evidence of present unfitness. In support of this contention, Appellant relies in part on the language contained in 10 O.S.1971, § 1101 and § 1130, as being in the present tense, thereby indicating a legislative intent that the findings of fact must be made as of the time of the hearing, and that the conduct that precipitates the finding of neglect must still be occurring at the time of the hearing in order to support termination.

At the dispositional hearing the Appellant mother and two Social Workers, under whose direction written reports were prepared, testified. Based on their investigations prior to January, 1975, the Social Workers recommended termination of Appellant's parental rights. Their testimony at the May 19, 1975, dispositional hearing reflects the Appellant repeatedly left the children in the care of their alcoholic maternal grandmother; that the home environment was filthy; that the children were ill dressed and poorly fed; that the children suffered from severe diarrhea and diaper rash, and that cockroaches and other insects were found in their waste; and that they otherwise showed evidence of neglect.

While the Social Workers admitted they had no basis for their recommendations other than past history, we note the children were not in Appellant's physical custody, having been placed in foster care over six months prior to the dispositional hearing on May 19, 1975. Thus, the issue was not one of present neglect of the children on May 19, 1975, but whether the mother had changed the pattern of behavior or life-style which had on two occasions led to adjudicated findings of dependency and neglect.

Appellant repeatedly refers to *In Re Wright,* 524 P.2d 790 (Okl.1974), as standing for the proposition that a court must find present neglect on the day of the hearing in order to terminate parental rights. *Wright, supra,* held that it was error for the Court to refuse to hear evidence sought to be introduced by the parent which might have shown she had corrected the conditions upon which the children were adjudicated dependent-neglected and remanded the case to the Trial Court on the issue of whether the mother had corrected these conditions.

In the instant case the Trial Court did conduct a full evidentiary hearing and did determine that termination of parental rights was necessary. As to the evidence heard by the Trial Court, the Appellant mother testified that if the Court would return the children she would keep them away from her alcoholic mother; that she loved her children; that she visited them while in foster care; that she lived alone in a two-bedroom apartment for two full months; that she had joined a church and had been attending regularly; that she had a part-time job as a housekeeper, but was interested in modeling or obtaining training that would allow her to get off welfare, and that she felt she could properly care for the children if given one more chance.

However, from our review of the record, we find that none of Appellant's testimony reflects any change in her behavior patterns or conditions, which led to the earlier finding of dependency and neglect. We find there are several inconsistencies in her testimony, such as the fact that she pays $119.00 per month rent, including bills, but earns only $10.00 per week from her job where she is employed five days a week from 9:00 a.m. to 4:00 p.m., and a half day on Saturday. Furthermore, her boy friend pays the $119.00 rent, although Appellant asserts she feels she can properly care for the children.

We agree with Appellee that Appellant's testimony runs to a single promise that if the children are returned to her one more time she will not neglect them. It appears the Trial Judge was correct when he stated there was a credibility gap on the part of what Appellant says and what she does.

We think the evidence shows Appellant's children were not receiving adequate supervision and care due to the immaturity of the Appellant and that Appellant had not taken any positive steps which would indicate more maturity on her part since the adjudicatory hearing. The totality of the evidence supports the Trial Court's determination that the best interests of these children would be served by removing them from Appellant's custody and terminating her parental rights.

■ Appellant's final argument is that the Trial Court's order was based in part upon home evaluations and reports to the Court made by Social Workers, denying Appellant her right to confront and cross-examine witnesses against her.

Title 10 O.S.1971, § 1115(a) and (b), provides:

"(a) After making an order of adjudication, the court shall hold a dispositional hearing, at which all evidence helpful in determining the proper disposition best serving the interest of the child and the public, including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing.

"(b) Before making an order of disposition, the court shall advise the District Attorney, the parents, guardian, custodian or responsible relative, or their counsel, of the factual contents and the conclusion of reports prepared for the use of the court and considered by it, and afford fair opportunity, if requested, to controvert them. * * *"

Appellant's brief seems to indicate that the hearing of May 19, 1975, was not a dispositional hearing, but some form of adjudicatory hearing. No authority is cited for such conclusion. Appellant argues that because it was not a dispositional hearing the statute contains no authorization for the use of home evaluations or social reports at hearings involving termination of parental rights.

We agree with Appellee that the adjudicatory portion of the case occurred January 24, 1975, at which time the Court sustained allegations of Appellee's petition. The May 19, 1975, hearing was a continuation of the case for dispositional purposes. 10 O.S.1971, § 1114, provides that if the allegations of a petition are supported by the evidence the Court shall make an order of adjudication, setting forth whether the child is delinquent, or in need of supervision, or neglected or dependent, and shall adjudge the child as a ward of the Court. That order was the Journal Entry of January 24, 1975.

Section 1115(a), supra, provides that following the order of adjudication the Court may entertain all evidence, including written or oral reports helpful in determining the proper disposition best serving the interests of the children. The Trial Court ordered such a written report from Appellee (State's Exhibit "1").

From our review of the record we find this report was properly introduced into evidence and that counsel for Appellant never, at any time, objected to said report. Nor was there a request by Appellant for an opportunity to controvert the report, and she called no witness to refute the contents thereof.

In our recent decision in *In the Matter of Julie Paul, Roger Paul, Tina Paul and Christopher Paul, Children Under 18 Years of Age 47 O.B.J. 2223 (Okl.1976), (Mandate issued October 28, 1976),* the mother argued that § 1115 was unconstitutional by allowing admittance and reliance on oral and written reports, thus denying the right of cross-examination and possible inclusion of hearsay evidence. We said in that case:

"We hold § 1115 to be constitutional in allowing oral and written reports to be admitted and relied upon to the extent of the report's probative value at the dispositional hearing. The content of the report, both factual and as to its conclusion, must be revealed. If requested, a

fair opportunity must be afforded to controvert it."

We think the testimony, coupled with the admitted reports relied upon by the Trial Court to the extent of their probative value, sustains the Trial Court's finding the best interest of the children was to place custody with the Appellee Department. Permissible disposition orders include commitment to the custody of that entity, 10 O.S.1971, § 1116(a).

We hold the Trial Court's termination of Appellant's parental rights was not contra to either the law or the evidence.

Affirmed.

All the Justices concur.