In the Matter of CHRISTOPHER H., a/k/a C., a child under 18 years of age, to-wit: 2 years.

No. 49500.

Supreme Court of Oklahoma.

April 11, 1978.

SIMMS, Justice.

I agree with the result of the majority opinion because the evidence was patently insufficient to support the trial court's order. I must, however, take issue with the majority's interpretation of the law governing proceedings to involuntarily terminate parental rights and also comment upon unmentioned procedural deficiencies of this action so that this Court's silence will not be construed as implicit approval of the manner in which this action was commenced, prosecuted and determined.

First, there is nothing within the Juvenile Code which authorizes commencement of an action to terminate parental rights upon an unverified motion. 10 O.S.1971, § 1103 requires that an action to terminate parental rights be initiated upon a *verified petition* and that the prayer for termination be set forth in both the petition and summons. Our Juvenile court is one of very special and very limited jurisdiction and it has no procedure other than that of statute. We respectfully submit that a juvenile court does not acquire jurisdiction over parents, children and parental rights upon the filing of an unverified motion. See: *dissenting opinions, J. V. v. State of Oklahoma, DISRS*, Okl., 572 P.2d 1283, 1287 (1977); *In the Matter of Keyes, Derrick*, Okl., 574 P.2d 1026 (1977).

Second, Christopher's prior adjudication as a dependent and neglected child by reason of his mother's incapacity due to illness did *not* constitute a basis upon which this subsequent action for termination could rest. The allegations that he had been seen at a hospital for a cut on his head and a scratch on his body and that his mother was unemployed, were not elevated into the scope and intent of 10 O.S.1971, § 1130 by the additional allegation that his mother had failed to continue counseling for her emotional problems which had "originally caused" him to be dependent and neglected. Overlooking the obvious lack of substance of all these allegations, the termination proceeding depended upon the merits, if any, of those conditions currently existing. A cut and a scratch can not be bootstrapped into respectability as a statutory ground for termination of parental rights merely because they occur upon the head and body of a child previously adjudicated dependent and neglected because his mother, at that earlier time, could not care for him.

This construction of § 1130 creates the untenable, as well as unconstitutional, result that an adjudication from a dependency and neglect action which does not involve facts serious enough to seek termination, can be used in a subsequent proceeding as a statutory ground for termination—although the facts provoking the second action may also be insufficient to constitute grounds for termination.

Among other problems, this anomaly occurs entirely without notice to a parent that the conditions which led to the dependency and neglect adjudication should be corrected and that if they are not corrected, then, at some point in the near or distant future, the failure to correct them may be the basis for termination of parental rights. If our statute may be construed in this manner then it is obviously unconstitutional and we should declare it so. See: *dissenting opinions: J. V. v. State of Oklahoma, DISRS, supra; In the Matter of Keyes, Derrick, supra; In the Matter of Ruth P.*, 578 P.2d 350 (March, 1978); *and Special Concurring Opinion, In The Matter of J. L. aka R.*, Okl., 578 P.2d 349 (1978).

Next, the burden of proof in a termination action is upon the petitioner, not the parent. This is true whether or not the child involved has previously been made a ward of the court by reason of dependency and neglect. See: *dissenting opinions: J. V. v. State of Oklahoma, DISRS, supra; In the Matter of Keyes, Derrick, supra.*

*Matter of Moore*, Okl., 558 P.2d 371 (1976) does not support the notion that a termination hearing is only a continuation of a dependency and neglect adjudication and that the burden of coming forward with evidence after that adjudication is on the parent. The facts in *Moore* were entirely different than those before us here. In *Moore* the children were adjudicated dependent and neglected on June 24, 1974, and made wards of the court. *On October 31, 1974, an amended supplemental petition was filed praying for termination of parental rights. Hearing* on *that* petition was held *January 24, 1975* and "[t]he allegations of the petition were *sustained* by the evidence." *After sustaining* the petition (seeking termination) the trial court granted the appellant additional time within which to show a change of conditions. Hearing on that issue was held on May 19, 1975. Appellant argued she should not have had the burden of proof in the May 19, 1975, hearing. We held that:

"[O]n May 19, 1975, the Trial Court found the Appellant was unable to carry the burden of evidence or persuasion which had *SHIFTED* to her AFTER THE PETITION WAS SUSTAINED. The May 19, 1975, hearing was a *continuation* of the earlier *hearing* of *January 24, 1975,* for dispositional purposes.

"We agree with Appellee that when the hearing reconvened on May 19, 1975, the State was not required to show cause AGAIN. The Appellee was only required, as the moving party with the ongoing burden of proof, to overcome Appellant's burden of evidence or persuasion on the issue of change of condition." (emphasis added)

The question in *Moore* was this: Where an adjudicatory hearing is held upon a *petition seeking termination of parental rights* (January 24, 1975) at which the state bears its burden of proving the allegations and the court sustains the petition, if the court then grants the parent additional time to show a change of those conditions found to support the termination order, does the burden of persuasion then *shift* to the parent? The answer was "yes" because the state

had carried its burden of proof; the petition had been sustained and the state did not need to prove those issues AGAIN.

The question *here* is: Where a petition for dependency and neglect is filed which does *not* seek termination and the child is adjudicated dependent and neglected, does the parent thereafter have the burden of proof in a subsequent termination action? The answer is, and must be, "no".

Additionally, I do not agree that a "weight of the evidence" test is sufficient to support an order of termination. In dealing with the most fundamental rights of our civilization—that of a parent in and to a child and of the child in and to the parent—the standard of proof must at least be that of clear and convincing proof. *Alsager v. District Court of Polk Cty., Iowa,* 406 F.Supp. 10 (S.D.Iowa 1975), aff'd 545 F.2d 1137 (8th Cir. 1976); *dissenting opinion, In the Matter of Keyes, Derrick, supra.*

I am authorized to state that Justice DOOLIN joins me in the views expressed in this Special Concurring Opinion.