In the Matter of J. F. C. et al., children under Eighteen (18) years of age.

BARBARA JUNE J., Appellant,

v.

DEPARTMENT OF INSTITUTIONS, SOCIAL AND REHABILITATIVE SERVICES, Appellee.

No. 50107.

Supreme Court of Oklahoma.

April 25, 1978.

James H. Hiatt, Stan L. Foster, Oklahoma City, for appellant.

Andrew M. Coats, Dist. Atty. by Roma McElwee, Asst. Dist. Atty., Oklahoma City, for appellee.

BERRY, Justice:

Appellant is the mother of the six children involved in this action. The record indicates the children were all adjudged dependent and neglected, under provisions of the juvenile statutes, 10 O.S.1971 § 1101 et seq., as amended, April 7, 1972.

Children were in custody of Department of Institutions, Social and Rehabilitative Services [DISRS] until December 8, 1972, when they were returned to appellant. On April 9, 1973, the children were taken from appellant and placed in foster homes. The pleading to terminate parental rights was filed on May 27, 1976. Appellant has filed this direct appeal from the order of August 23, 1976, terminating her parental rights.

Appellant raises five assignments of error on appeal.

First, she claims trial court erred in denying her motion for trial by jury on the issue of termination of parental rights. Our holding in *J. V. v. State,* Okl., 572 P.2d 1283, is dispositive of this contention.

Appellant's second proposition is trial court erred in overruling her motion for judgment declaring termination of parental rights statute void for unconstitutional vagueness and overbreadth.

Appellant thus questions constitutionality of 10 O.S.Supp.1975 § 1130. Appellant casts constitutional objection in terms of due process. The statute, she says, is so vague that she is denied due process by application of the statute to her.

Appellant urges the statute violates the principle applied in *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322, where the United States Supreme Court said a statute would be considered unconstitutionally vague where it " . . . forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application . . . " because the act " . . . violates the first essential of due process of law." Appellant then asserts there are no ascertainable standards for the application of the termination statute, and cites *United States v. Cohen Grocery Company,* 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516, a criminal case, in support of the assertion of vagueness.

We are not compelled to look solely at the face of the statute to determine vagueness in this case. We can also look at how the statute is applied. The standard for review on vagueness challenges is set out in *U. S. v. National Dairy Products Corp.,* 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561:

" . . . (W)here the statute is directed only at activity which is neither constitutionally protected nor socially desirable . . . (w)e are . . . permitted to consider the warning provided by (the statute under consideration) not only in terms of the statute 'on its face' but also in the light of the conduct to which it is applied." [parenthetical material added]

Our termination statute was first enacted in 1965. The practice prior to enactment had been for the court to simply declare a delinquent or dependent child eligible for adoption where the court found such disposition was necessary for the child's welfare. The substance of the law was that once a child was a ward of the court termination of parental rights became a matter of judicial discretion. Enactment of the termination statute was a legislative attempt to bridle that discretion.

The termination statutes [10 O.S.Supp. 1975 § 1130, 10 O.S.1971 § 1131] attempt to provide for protection of the parent's constitutional right to due process. They provide for hearing and notice and require the court to make specific findings of fact prior to ordering termination.

Appellant cites *Alsager v. District Court of Polk County, Iowa,* 406 F.Supp. 10, a 1975 federal district court case which applied the vagueness test and held the Iowa termination statute unconstitutionally vague. Appellant's reliance on the *Alsager* case, and brief of appellant, clearly limit appellant's challenge to part A. 3. a. and A. 3. c., 10 O.S.Supp.1975 § 1130. We will confine our discussion to those parts of the statute.

10 O.S.Supp.1975 § 1130, reads, in part:

"§ 1130. Termination of parental rights in certain situations.—A. The finding that a child is delinquent, or mistreated or neglected, shall not deprive the parents of the child of their parental rights, but a court may terminate the rights of a parent to a child in the following situation:

\*  \*  \*  \*  \*  \*

"3. A finding that a parent who is entitled to custody of the child:

"a. *has failed to give the child the parental care or protection necessary for his physical or mental health, or*

\*  \*  \*  \*  \*  \*

"c. *is unfit by reason of* debauchery, intoxication, or habitual use of narcotic drugs, or repeated lewd or lascivious behavior or *other conduct that is detrimental to the physical or mental health or morals of the child,* and the parent has failed to show that the conditions have been corrected within a period of six (6) months after the child, or children, were adjudged dependent or neglected and a permanent termination of parental custody of the child, or children, is necessary to protect its physical or mental health or morals; provided further, that the court may extend the time in which such parent may show the condition has been corrected, if, in the judgment of the court, such extension of time would be in the best interest of the child or children; or  .  .  ." [emphasis supplied]

The *Alsager* court based its holding on three factors. First, it said the Iowa statute did not extend parents "fair warning" of what conduct was prohibited or required by the Iowa statute's phrases: "necessary parental care and protection" and "[parental] conduct detrimental to the physical or mental health or morals of the child."

Second, the court said the statute impermissibly delegated the standard-making function of the legislature to state officials, permitting the imposition of variable standards on an *ad hoc* basis in each case.

Third, the court noted the exercise of constitutionally protected rights would be inhibited by tendency of parents to "steer far wider of the unlawful zone than is constitutionally necessary  .  .  . when the state is capable of enacting less ambiguous termination standards."

We believe these objections are laid to rest with regard to our statute, for two reasons. Our termination statute operates only: first, in the context of juvenile statutes after a prior adjudication of specific charges; second, we have interpreted our statute narrowly to encompass only forbidden conduct.

A reading of the Iowa statute reveals it to allow termination of parental rights upon petition. There is no requirement for a prior adjudication to bring the child within the purview of the juvenile statutes. Our statute operates much differently.

As our statute operates in the case at bar there must first have been an adjudication that a child was dependent or neglected. Then, the parent must have been given a period of six months in which to correct the condition. The condition must have been such that it amounted to a failure or omission of necessary parental care or protection or conduct detrimental to the child's welfare. Finally, there must have been a finding that termination of parental rights was necessary to protect the child.

A parent in Oklahoma has six months' fair warning of the prohibited or required conduct. Termination cannot occur under our statute unless there has been a failure to correct the conduct which led to adjudication of the child as dependent or neglected. It is only when the parent fails to correct the very conditions found in the dependency hearing that termination for these reasons may result.

Standards of conduct in Oklahoma are not imposed on an *ad hoc* basis, notwithstanding the fact that our termination statute is very much like the Iowa statute with regard to standards. When we deal with the question of vagueness, it is permissible to look to the decisions of the Court to determine whether vagueness has been

cured. *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222. We have examined our prior decisions dealing with termination of parental rights. Assuming, for argument, our statute is vague on its face we conclude our decisions cure any such arguable defect.

We have recently considered the vagueness challenge to our termination statutes in *Matter of Keyes,* Okl., 574 P.2d 1026. In that case we said standards of parental conduct were provided by the prior juvenile adjudication in termination cases. We reiterate, our termination statutes operate only after a child has been adjudicated dependent, and after the parent has six months in which to correct the conduct which resulted in the adjudication. The adjudication by the court can in itself be looked upon as a set of standards which can be utilized at the hearing in the determination of parental rights. Thus, just as a parent has fair warning of the sanction, the parent also is provided with a standard by which to guide his conduct.

Our statute does not inhibit lawful exercise of parent's rights. Ordinarily no act of a parent, regardless of his conduct, can be a basis for termination until that act is found to be sufficiently opprobrious that the child is thereby rendered dependent and the act is uncorrected for six months or longer.

We conclude 10 O.S.Supp.1975 § 1130 is not unconstitutionally vague.

■ Appellant cites no support for the contention the statute is overbroad. We see no right unconstitutionally swept away by operation of the statute as we have limited that operation.

■ For her third proposition appellant says 10 O.S.Supp.1975 § 1130, unconstitutionally places upon her the burden of proof on issue of termination. Appellant cites, and asks us to overrule, *Matter of Moore,* Okl., 558 P.2d 371. We have examined *Moore,* and it determines appellant's contention herein. The statute does not shift the burden of proof to appellant, but does put the burden of persuasion on appellant as to correction of conditions. This is en-

tirely congruent with our view of the termination statute adopted above. The statute, when applied in accordance with the views in *Moore,* is not unconstitutional.

■ Appellant contends as an assignment of error that the order of trial court was not supported by the evidence. In *Matter of Moore,* supra, we said the burden of persuasion as to change of conditions was upon the parent after the allegations of the petition to terminate were sustained. To sustain the pleading to terminate trial court must apply the standards of conduct which emerge from the adjudicatory stage. To be affirmed on appeal the record, likewise, must show this Court what those standards were.

■ After examining the record we can find no pleadings or evidence from which we can ascertain what standards evolved from the prior adjudication upon which a standard of conduct could have been set for the present termination of appellant's parental rights. For this reason we are reversing trial court's order.

In view of our holding herein we find it unnecessary to discuss any other contentions raised.

After carefully weighing the evidence, we hold that trial court's order terminating parental rights of appellant is clearly against the weight of the evidence.

Affirmed in part and reversed in part, and remanded for further proceeding in accordance with views expressed herein.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN and BARNES, JJ., concur.

SIMMS and DOOLIN, JJ., dissent.

DOOLIN, Justice, dissenting:

I dissent to that portion of the majority opinion which states that the juvenile code as interpreted by the majority is constitutional. See the dissents as set out in *P. v. State of Oklahoma, Department of Institutions, Social and Rehabilitative Services,* 578 P.2d 352 (Okl.1978); *M. v. State of Oklahoma, Department of Institutions, So-*

*cial and Rehabilitative Services*, 577 P.2d 908 (Okl.1978); *J. V. v. State Department of Institutions, Social and Rehabilitative Services*, 572 P.2d 1283 (Okl.1978) and specially concurring opinions in *In Matter of J. L. v. State of Oklahoma, ex rel. Department of Institutions, Social and Rehabilitative Services*, 572 P.2d 1283 (Okl.1978) and *In Matter of H.*, 577 P.2d 1292 (Okl.1978).

I am authorized to state that SIMMS, J., concurs in the views herein expressed.