In the Matter of MICHAEL K., A Child under 18 years of age, to-wit: three years.

KAREN K., Appellant.

v.

OKLAHOMA DEPARTMENT OF INSTITUTIONS OF SOCIAL AND REHABILITATIVE SERVICES, Appellee.

No. 51656.

Supreme Court of Oklahoma.

July 22, 1980.

---

13. *Barnes v. Transok Pipeline Co.*, 549 P.2d 829 (Okl.1976).

Charles G. Davis, Jr., Muskogee, for appellant.

S. M. Fallis, Jr., Dist. Atty. by William G. Lasorsa, Asst. Dist. Atty., Tulsa, for appellee.

IRWIN, Vice Chief Justice.

On December 18, 1974, temporary custody of Michael, who was then five months old, was placed in the Department of Institutions, Social and Rehabilitative Services (DISRS) based upon circumstances surrounding the death of his twenty-two month old brother three days earlier.[1] On April 16, 1975, an adjudicatory hearing was conducted and upon stipulation, the district court found the allegations contained in the State's petition were true and found Michael to be dependent and neglected, declared him a ward of the court, and placed him in the custody of DISRS.

Criminal charges were filed against Michael's mother (appellant) and father as a result of the death of Michael's older brother. Subsequent to the April 16 adjudicatory hearing, the father was convicted of manslaughter and the mother was acquitted. The father's parental rights have been terminated and not in issue here.

On October 23, 1975, State filed a motion alleging that the mother had not corrected the conditions which gave rise to the April 16th adjudication and sought termination of her parental rights.[2] The cause came on for hearing, and on February 12, 1976, the court declined to terminate the mother's parental rights, finding that the State's allegations about her, although true, could not serve as a legal basis for termination. The court returned custody of Michael to his mother and closed the case. The trial court felt that consideration of the mother's fitness and change of condition had been foreclosed by her criminal acquittal and her husband's conviction and that res judicata precluded an examination of whether or not she had changed her circumstances and whether or not termination would serve Michael's best interest.

The State appealed the February 12th order in which the district court refused to terminate the mother's parental rights. On appeal, the mother failed to file an answer brief. In an unpublished opinion (Case No. 49570), this court determined that the allegations of error made by the State[3] were

1. State alleged in its petition filed on December 18, 1976, that Michael was dependent and neglected in that his natural parents failed to give him proper and necessary care, that his older brother had died from injuries due to child abuse, that the home of his mother was dangerous to him because his older brother had been abused there and she failed to protect him, and that his mother had been arrested.

2. In this motion the State also alleged that the mother had not maintained adequate contact with DISRS, that her whereabouts were unknown to social workers from May 5, 1975, to August 15, 1975, that she had been incarcerated, that she failed to maintain a permanent residence and stable employment, and that termination of parental rights was necessary to protect Michael's physical, mental and moral welfare.

3. The State alleged that the district court erred in determining the mother's acquittal on criminal charges foreclosed consideration of the mother's fitness and res judicata precluded an examination as to whether she had corrected

reasonably supported by the brief-in-chief and ordered the cause "reversed and remanded with directions to the trial court to afford State a new hearing on its motion requesting termination of parental rights."[4]

On July 20, 1977, a new hearing was held and the State asked the court to rely on its findings of fact found in the February 12 hearing and offered no further evidence. The court refused the mother's offer of proof to show the conditions under which she had cared for the child during the preceding 17 months. The court then concluded that it had found sufficient grounds to terminate the parental rights of the mother at the February 12 hearing, but had not ordered termination solely because of its erroneous determination concerning the res judicata effect of the mother's acquittal. Standing corrected by our decision in Case No. 49570, the court terminated the mother's parental rights and placed Michael in the custody of the DISRS. The mother appeals.

The State contends that the mother is bound by the findings of fact in the February 12, 1976, order, which the mother did not appeal and did not contest on appeal. It is evident that the district court and the State misconstrued our decision in Case No. 49570. We did not consider or determine the sufficiency of the evidence presented at the February 12 hearing. The only determination we made in Case No. 49570 was that the State's uncontested allegations of error concerning a point of law upon which the trial court relied were reasonably supported by the authority presented and that the State was entitled to a new trial. We

reversed and remanded with directions to the trial court to afford the State a new hearing on its motion requesting termination of parental rights.

In the context of proceedings under the Juvenile Code, our direction to conduct a "new hearing" was tantamount to the grant of a new trial. Where a judgment is reversed and remanded with directions to grant a new trial, the action stands the same, except for questions of law settled by the proceedings in error, as if no trial had been held. *Turk v. Page*, 68 Okl. 275, 174 P. 1081 (1918); *Gourley v. Jackson*, 142 Okl. 74, 285 P. 84 (1930). At the new trial, the parties are entitled to introduce additional evidence, supplement the pleadings, and expand the issues, unless specifically limited by the order of remand. *Continental Casualty Co. v. Goodwin*, 180 Okl. 365, 69 P.2d 644 (1937); *Metropolitan Life Ins. Co. v. Keith*, 187 Okl. 684, 105 P.2d 528 (1940). On remand, Case No. 49570 stood as if no hearing had been held on the motion to terminate, and the trial court erred in failing to allow the mother to present evidence properly admissible and relevant to a determination of the merits of the motion to terminate parental rights. The mother was and is entitled to re-litigate any issue relevant to the State's motion. However, before initiating further termination proceedings based upon failure of the mother to correct the conditions which formed the basis for the adjudication of Michael, we believe the State should re-examine the posture of this case in reference to the *Matter of J.F.C.*, Okl., 577 P.2d 1300 (1978) and the *Matter of Keyes*, Okl., 574 P.2d 1026 (1978).[5]

JUDGMENT REVERSED.

---

the circumstances and whether termination would serve Michael's best interest.

**4.** The mother did not file a brief in Case No. 49570 and such failure was inexcusable. Our decision in that case was based upon our rule that where appellant has served and filed a brief but appellee neither filed a brief nor offered any excuse for his failure to do so, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained but may, where the authorities in the brief filed appear reasonably to sustain the assignments of error,

reverse the cause with directions. *Harvey v. Hall*, Okl., 471 P.2d 911 (1970).

**5.** In the *Matter of J.F.C.*, Okl., 577 P.2d 1300 (1978) we held that to sustain a pleading to terminate parental rights, the trial court must apply standards of conduct which emerge from the adjudicatory stage and, to be affirmed on appeal, the record must show what those standards are. And where it could not be ascertained what standards evolved from a prior adjudication that a child was dependent and neglected from which a standard of conduct could have been set for present termination of

LAVENDER, C. J., and WILLIAMS, HODGES, BARNES, SIMMS, DOOLIN and OPALA, JJ., concur.

the mother's parental rights, an order terminating the mother's parental rights would be against the clear weight of the evidence.