In the Matter of LYNI P., an alleged deprived child.

MARIAN P., Appellant,

v.

STATE of Oklahoma, Appellee.

No. 53590.

Supreme Court of Oklahoma.

March 31, 1981.

As Amended April 16, 1981.

was a deprived child was filed by the Lincoln County District Attorney's Office on behalf of the state in the District Court of that county. The petition also sought termination of the parental rights of the appellant, natural mother, Marian P. In response to the petition and its accompanying order for Lyni's temporary custody with the Department of Welfare, appellant requested an evidentiary hearing. This hearing resulted in an order specifying temporary custody over Lyni remain in the Department of Welfare pending a later hearing on the allegations contained in the petition.

Appellant filed a motion to bifurcate the adjudicatory and termination phases of the proceeding. The trial court denied the motion. After taking testimony, the court adjudicated Lyni a deprived child and entered an order terminating the parental rights of the appellant mother. This order was based on a specific finding that the appellant had physically abused her child and the conclusion that to terminate parental rights under 10 O.S.Supp.1980 § 1130(A)(5), no prior adjudication or conviction involving physical abuse of a child was required.

As a result, appellant perfected an appeal[1] to this Court alleging first that for the provisions of Title 10 § 1130(A)(5) to be applicable in termination proceedings, a parent must have been found guilty of child beating or child abuse in a prior judgment, either criminal in nature or in a dependency and neglect action.

The statute in question provides:

A. The finding that a child is ... deprived shall not deprive the parents of the child of their parental rights, but a court may terminate the rights of a parent to a child in the following situations:

. . . .

5. A finding that a parent has physically abused a child subsequent to having been found guilty of child beating or child abuse either in a criminal action or specifically so found in a child dependency neglect action in a proceeding in the juvenile division of a district court.

Daniel Sprouse, Oklahoma City, and Britt Clapham, II, Shawnee, for appellant.

Bill Roberson, Dist. Atty., David Welch, Asst. Dist. Atty., Chandler, for appellee.

HARGRAVE, Justice.

On February 6, 1979, a petition seeking an adjudication that four-year-old Lyni P.

1. The order by Judge Foster adjudicating the child deprived is not on appeal.

10 O.S.Supp.1980 § 1130(A)(5).

■ A reading of the statute mandates agreement with appellant's interpretation of the statutory language. The language of § 1130(A)(5) does not empower the trial court to irreversibly terminate parental rights in the same proceeding which results in the original adjudication of deprived status. The finding of child beating or abuse required under the above quoted section is a finding that a second act occurred after a judicial determination that the parent was found guilty of child beating or child abuse in either a civil or criminal action. The state has conceded that it neither pled nor proved that appellant Marian P. had been found guilty in either of the two situations described in the statute. In the absence of this proof, the provisions of 10 O.S.Supp. 1980 § 1130(A)(5) are not applicable to the facts of this cause. The trial court erred in ultimately deciding the issue of termination in the same proceeding in which the trial court was, for the first time, adjudicating the status of the child, in the absence of a prior judgment or finding that the parent had committed an act of abuse.

This Court, in *In re J. F. C., 577 P.2d 1300, 1301 (Okl.1978)*, stated that "[t]he termination statutes . . . attempt to provide for protection of the parent's constitutional right to due process. They provide for hearing and notice and require the court to make specific findings of fact prior to ordering termination." This requirement of specific findings of fact was addressed again by this Court in *In re T. M. H., 613 P.2d 468 (Okl.1980)*. The Court stated that

in order to protect the procedural due process rights of parents . . . it is necessary that Referees and/or Trial Judges adequately apprise parents of the conditions which resulted in their child being declared dependent or neglected, in order that they may be aware of the conditions which need to be altered. Specifically, courts are required to make written findings of the conditions resulting in the child's being adjudged dependent and neglected. The trial court's failure to adequately apprise the parents of those conditions . . . constitutes separate grounds for reversing the trial court's order.
*Id.* at 471.

■ Final termination of parental rights under § 1130(A)(3) can be reached only after the parent has been apprised of those conditions which caused the adjudication of the child as deprived and only after the parent has been allowed time to attempt to correct those conditions. The Court, in *In re Baby Girl Williams, 602 P.2d 1036 (Okl. 1979)*, stated that the statute provides

different stages of adjudication and disposition; thus providing the parent with notice of what conduct resulted in the adjudication of dependent and neglected status and that those same conditions must be corrected to prevent termination of parental rights. The entire crux of the argument supporting the constitutionality of our statute is that it provide the parent notice of the conditions which must be corrected.
*Id.* at 1040 (citing *In re J. F. C., 577 P.2d 1300 (Okl.1978)*.

The Court stated further that

[i]f no standards of conduct are set out at the adjudication stage, the parent is given no notice as to what he or she will be called upon to prove *in a later termination hearing*. The trial court cannot be heard to terminate the rights of a parent for failure to correct conditions which indicate wilful neglect or harmful conduct to a child when those standards or conditions have never been brought to the attention of the parent in the first place.
*Id.* (Emphasis added.)

Due to the inapplicability of the other subsections to Section 1130(A), it is only after a period of three months from the time the child is adjudicated that the parental rights may be terminated. This statutory "grace period" is mandated by the language of the controlling Section, 1130(A)(3). The requirement of 10 O.S.Supp.1980 § 1130(A)(3) that parents be given notice of the substandard conduct forming the basis of a termination proceeding under a deprived status, and an opportunity to amend

those conditions do not obtain as separate provisions under § 1130(A)(5). There the notice and opportunity to be heard are a part and parcel of the first proceeding from which a determination of guilt of abuse or finding thereof was made. The opportunity to amend the conditions causing the conduct is encompassed in the interim between the first finding and the second. The notice of the substandard conditions is encompassed by the finding of guilt in the premises by the very nature of the charge and finding, and upon the second finding termination may be made instanter.

For the reasons that the trial court erroneously interpreted and applied Section 1130(A)(5) and the proceeding did not conform to the requirements of the applicable section, 10 O.S.Supp.1980 § 1130(A)(3), this Court reverses the trial court's order terminating the appellant's parental rights and remands the case to the District Court for a hearing to determine the standards to which the appellant must conform her conduct. The Court recognizes that the conditions which need correcting seem readily apparent and that a protective environment is required for Lyni during the interim.

REVERSED AND REMANDED.

All Justices concur.