In the Matter of JERRY L., A Minor Child.

Alice L. MANN and Jerry L., a Minor Child, Appellants,

v.

The OKLAHOMA DEPARTMENT OF INSTITUTIONS, Social and Rehabilitative Services, Appellee.

No. 58347.

Supreme Court of Oklahoma.

April 26, 1983.

Byron L. Wilhite, Mark A. Craige, Durant, for appellant.

Larry G. Grant, Dist. Atty. by Douglas Gabbard II, First Asst. Dist. Atty., Durant, for appellee.

DOOLIN, Justice:

The issue in this appeal is the proper interpretation of 10 O.S.1981, § 1130 A(5):[1] must there be *two* incidents of physical abuse against a child before parental rights to that child can be terminated?

Jerry L. was three years old when the district attorney filed a petition alleging the child was deprived: sexually molested by his mother and stepfather. Evidence at trial showed the child had contracted anal gonorrhea, that the parents were overheard talking about performing various unnatural sexual acts with the child and that several photographs depicted the parents and child nude. The trial court found Jerry L. deprived and gave custody to the appellee. Some six months later the trial court heard a petition to terminate the parental rights of the parents, and so ordered the termination.

The termination was granted on grounds of violation of 10 O.S.1981, § 1130 A(5) with custody in DISRS. The district attorney

1. § 1130 A. Termination of parental rights in certain situations
The finding that a child is delinquent, in need of supervision or deprived shall not deprive the parents of the child of their parental rights, but a court may terminate the rights of a parent to a child in the following situations:

5. A finding that a parent has physically abused a child subsequent to having been found guilty of child beating or child abuse either in a criminal action or specifically so found in a child dependency neglect action in a proceeding in the juvenile division of a district court.

1373 at top right

admitted there are no second grounds for termination under § 1130 A(3)[2] because the parents *were not given a set of conditions or criteria to meet* within the three-month statutory period.

The mother argued at trial, and here, that § 1130 A(5) is inappropriate in this case because it requires a "subsequent" act of child abuse before parental rights can be terminated and that a subsequent hearing be held under 1130 A(5) or 1130 A(3). In other words parental rights can only be terminated in this case upon the *second* act of physical child abuse; a single incident alone will not suffice.

The district attorney *decries* that interpretation, arguing that a child should not be sent back into the house where he was physically abused once, in effect handcuffing the state (in a termination hearing) until a second act of abuse. The district attorney says if parents mutilate a child or attempt to kill, they are faced with the identical situation as they face here: returning the child to the home to await a second act of abuse before parental rights can be terminated.[3] The trial court might establish conditions for the parents to meet, but what conditions guard against a second act of abuse, he asks?

The district attorney interprets subsection 5 to provide the parents with a right to a separate, complete, independent hearing on issue of abuse before the termination question could be litigated.

Both parties cite us to *Matter of Baby Girl Williams,* 602 P.2d 1036 (Okl.1979), in which two statements appear which may pertain to this case: (1) "Our termination statute requires a showing that permanent termination is necessary to protect the physical or mental or moral health of the child." Can such be honestly denied in the instant case? and (2) "If no standards of conduct are set out at the adjudication stage, the parent is given no notice as to what he or she will be called upon to prove to the court in a later termination hearing." As the prosecutor noted, will a condition that the parent not further physically abuse her child offer any protection to the child? It is not as if the house was dirty and the mother could clean it.

Title 10 O.S.1981, § 1130 A(5) states in part:

"A finding (of abuse) ... specifically ... in a child dependency neglect action in a proceeding in the juvenile division of a district court." (Parenthetical phrase supplied)

authorizes termination of parental rights. The trial court in this dependency neglect action made findings of fact that the child (1) had been sexually molested, (2) had been forced to perform unnatural sexual acts and (3) was infected with a loathsome disease. Such findings fall squarely within the parameters of section 5 and authorize termination of parental rights.

In our opinion it is clear the Legislature could not have intended to allow a child to

---

2. § 1130 A. Termination of parental rights in certain situations

The finding that a child is delinquent, in need of supervision or deprived shall not deprive the parents of the child of their parental rights, but a court may terminate the rights of a parent to a child in the following situations:

. . . . .

3. A finding that the child is deprived, as defined in this chapter, and that such condition is caused by or contributed to by acts or omissions of his parent and that termination of parental rights is in the best interests of the child, and that the parent has failed to show that the condition which led to the making of said finding has not been corrected although the parent has been given three (3) months to correct the condition; provided,

that the parent shall be given notice of any hearing to determine if the condition has been corrected; provided further, that the court may extend the time in which such parent may show the condition has been corrected, if, in the judgment of the court, such extension of time would be in the best interest of the child. During the period that the parent has to correct the condition the court may return the child to the custody of its parent or guardian, subject to any conditions which it may wish to impose or the court may place the child with an individual or an agency; or . . .

3. Criminal charges are possible in child abuse cases but that does not go to the question of termination of parental rights.

suffer *two* acts of serious physical abuse before permitting the state to terminate parental rights. There can only be one finding from this court: that when the trial court finds the act of physical abuse so serious and of such an extreme nature that it must remove the child from the custody of the parents, it may then entertain a petition to terminate parental rights. To hold that the trial court may remove a child from the home under a petition alleging the child is deprived, but may not terminate parental rights until a second act of abuse occurs, is an effort in futility: a second such act normally should not occur with the child in a foster home under custody of the Department of Human Services. In this situation, however, the evidence must be clear and convincing[4] that the physical abuse occurred and that it endangered the physical health or welfare of the child. As we said in *In re T.H.L.*, 636 P.2d 330, 334 (Okl.1981):

> "The interest of children in a wholesome environment has a constitutional dimension no less compelling than that the parents have in the preservation of family integrity. In the heirarchy of constitutionally protected values both interests rank as fundamental and must hence be shielded with equal vigor and solicitude."[5]

We find authority for our action today under the broad auspices of subsection B of § 1130:

> "However, nothing contained herein shall prevent a court from immediately assuming custody of a child and ordering whatever action may be necessary . . . to protect his health or welfare . . . "

The case of *Lyni P., an alleged deprived child*, 626 P.2d 864 (Okl.1981) is overruled in so far as same is in conflict with this case.

TRIAL COURT AFFIRMED.

BARNES, C.J., and HODGES, LAVENDER and WILSON, JJ., concur.

SIMMS, V.C.J., and IRWIN, HARGRAVE and OPALA, JJ., dissent.

SIMMS, Vice Chief Justice, dissenting:

Section 1130 A(5) is one of the few termination provisions which is clear and unambiguous.

In plain words it says that bringing an action for termination of parental rights for abuse is absolutely contingent upon a previous abuse adjudication or conviction. Under this section the first abuse incident will not be sufficient for termination.

The majority's observation of the practical effect of the requirement of the statute is surely true. Few termination actions will ever be brought under the section because children will not be returned to the offending parent for further abuse, and will stay instead in the custody of third parties.

The majority is appalled that this section is dependent on a repetition of abuse. It therefore construes away the prior adjudication requisite and overrules *Lyni P.*, Okl., 626 P.2d 864 (1981), which correctly held the section requires the prior adjudication as a condition.

I share the majority's feelings of dismay about this statute but I do not share their belief that it is something that this Court can, or should, fix.

This section is not the least bit ambiguous. It is a clear expression of the legislature's intention. It is basic that where language of a statute is plain and unambiguous there is no room for construction. Where the wording is clear and plain, the evident meaning of a statute must be accepted and there is no justification for the use of interpretive devices to fabricate a different meaning. See, e.g., *In re Martin's Estate*, 183 Okl. 177, 80 P.2d 561 (1938); *State, ex rel., Ogden v. Hunt*, Okl., 286 P.2d

**4.** *Matter of Adoption of Todd H.*, 615 P.2d 287 (Okl.1980); *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979).

**5.** *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503, 89 S.Ct. 733,

21 L.Ed.2d 731 (1969); *Bellotti v. Baird*, 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979); *Parham v. J.R.*, 442 U.S. 584, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979).

1088 (1955). I would let the responsibility for this section remain with the legislature.

This Court has spent considerable time and effort over the past years, writing a series of opinions which try to fashion some order and reasonableness into our statutory scheme governing termination of parental rights. See, e.g., *Matter of Moore,* Okl., 558 P.2d 371 (1976); *J.V. v. State, Dept. Inst., Soc. & Rehab. Services,* Okl., 572 P.2d 1283 (1978); *Matter of Keyes,* Okl., 574 P.2d 1035 (1978); *Ilee M. v. State, Dept. of Inst., Soc. & Rehab. Services,* Okl., 577 P.2d 908 (1978); *Matter of J.F.C.,* Okl., 577 P.2d 1300 (1978); *Matter of Earnest James C.,* Okl., 578 P.2d 352 (1978); *Matter of Sherol S.,* Okl., 581 P.2d 884 (1978); *Matter of Lyni P.,* supra; *Matter of C.G.,* Okl., 637 P.2d 66 (1981).

The Court's piecemeal efforts to "save" termination provisions are probably counter-productive, however. For while our termination provisions, both procedural and substantive, make little sense and have been in obvious need of major revision for years, there has been no appreciable legislative movement in the area.

This child is not going to be returned to these parents even if the termination is reversed. I would reverse the termination for failure to comply with § 1130 A(5), our sole statute authorizing termination for the specific ground of abuse.

I am authorized to state that IRWIN, HARGRAVE and OPALA, JJ., join me in this dissent.