2006 OK CIV APP 110

**In the Matter of D.P.D., an alleged deprived juvenile as defined by the laws of the State of Oklahoma,**

**Michael Dantrassy, Appellant,**

v.

**State of Oklahoma, Appellee.**

**No. 103,225.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 4, 2006.

Paige Lee, Ponca City, OK, for Appellant.

Tara Doty, Assistant District Attorney, Newkirk, OK, for Appellee.

Carolyn S. Smith, Ponca City, OK, for Minor Child.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 Michael Dantrassy, Father, appeals from an order of the trial court terminating his parental rights to his child, DPD.[1] In

---

**1.** The trial court also terminated the parental rights of DPD's mother. She does not appeal the order.

West Virginia, in 1999, Father was convicted and served prison time for child abuse resulting in bodily injury to his two children. West Virginia subsequently terminated his rights and the mother's rights to both of these children as well as to a third child who was taken into custody at birth. Father and Mother are married. They moved to Oklahoma where DPD was born on March 9, 2005. State received a referral regarding a head injury to DPD. He was taken into custody immediately. He was admitted to a medical center in Wichita, Kansas on September 21, 2005. He was diagnosed as having three levels of subdural hematoma and fracture to two bones in his forearm.

¶2 The State of Oklahoma filed its petition to adjudicate DPD deprived on October 7, 2005. As against the mother, State alleged she failed to protect the child from abuse that was heinous or shocking, and she herself had inflicted chronic abuse and/or neglect upon her other children. It stated her rights to these children had been previously terminated.

¶3 As against Father, State alleged he had inflicted heinous or shocking abuse on DPD. It also stated he had been convicted of felony child abuse on his other children and his rights to these children had been terminated in West Virginia. Upon hearing, the parties waived jury trial.

¶4 The trial court adjudicated DPD as deprived and later terminated the parental rights of both parents. Only Father appeals.

¶5 Father did not testify and presented no evidence in his defense. He only argued State had not made its case by clear and convincing evidence. Two physicians testified for State. One doctor who examined the child noted DPD had had a break of both bones in his forearm when he was about two months old. He felt it would be impossible for a baby to inflict that extent of injury on himself. DPD also had evidence of subdural hematomoa and retinal hemorrhaging, both possibly as a result of shaken baby. However, there was no evidence of spinal injury. His injuries were compatible with the injuries on Father's older child that precipitated Father's conviction for child abuse in West Virginia. Father's sister, who had been a caretaker for DPD, testified Father had shown her how someone could shake a baby without injury to its spine.

¶6 On appeal, Father argues the evidence was far short of clear and convincing. He argues State did not prove DPD was shaken, and even if he was, there was no proof Father was the culprit. Because DPD was delivered under difficult circumstance, he claimed the injuries could have been sustained during delivery.

¶7 The trial court terminated Father's rights based solely on his prior felony conviction for child abuse and that it was in the best interests of the child for the parental rights of both parents to be terminated. Title 10 O.S.2001 § 7006–1.1 provides:

> ..... a court may terminate the rights of a parent to a child in the following situations; provided, however, the paramount consideration in proceedings concerning termination of parental rights shall be the health safety or welfare and best interests of the child.

Subsection A(9)(e) allows termination based on a conviction in a criminal action that the parent:

> committed a felony assault that has resulted in the serious bodily injury to the child or another child of the parent;

¶8 Father does not deny his previous conviction. He submits a termination of parental rights is improper under the law when it is based on a prior criminal conviction for felony child abuse but where there is insufficient evidence to show new acts of abuse. He also argues the trial court abused its discretion in finding by clear and convincing evidence that the best interest of the child would be served by terminating his parental rights. We do not agree. The statute is clear. Father was convicted of assault on "another child" of his. It is also clear, given the physicians' testimony, that DPD's best interests lie in his removal from Father's parental control.

¶9 "A parent is not given a second opportunity to seriously abuse the child." *Matter of Jerry L.* 1983 OK 43, 662 P.2d 1372. This Court will not sanction such an opportunity. The trial court's order terminating the pa-

rental rights of Father to DPD is supported by clear and convincing evidence.

¶ 10 AFFIRMED.

BELL, P.J., and JOPLIN, J., concur.